## Thomas *vs.* Ross & Shaw, overseers of the poor of New-Berlin.

The penalty given by statute for bringing a poor, or indigent person, not having a settlement, into any city or town within this state without legal authority, is incurred as well by bringing such person from one town to another town within the state, as by bringing him from without the state.

To subject a party to the penalty, it must be shewn that he acted *mala fide; it seems,* that carriers of *passengers* are within the letter, but not within the spirit of the act, and cannot be charged, unless in bringing poor and indigent persons into a city or town, and leaving them there, they act fraudulently.

Proof by an inhabitant long a resident in the town, that he had never known the pauper, is *prima facie* sufficient evidence that the pauper has not a legal settlement in the town.

Error from the Oneida common pleas. Ross and Shaw, as overseers of the poor of the town of New-Berlin, sued Thomas to recover the penalty given by the statute, for bringing a pauper into a town, where such pauper had not a legal settlement. The plaintiffs, in their declaration, charged the defendant with bringing or removing, or causing to be brought or removed, one M. C., a poor, or indigent person, into the town of New-Berlin, and leaving her there, she not having a legal settlement therein, and the defendant not having legal authority so

to do ; and they claimed a penalty of $50, under the act rela- <span style="float:right">NEW-YORK.</span> tive to the poor, passed April 14, 1827. The defendant plead- ed the general issue. The cause was tried in the Oneida common pleas, on an appeal from a justice's judgment. It was proved that the defendant carried M. C., a poor and indigent woman, and five children, in a wagon from New-Hartford, in Oneida county, to New-Berlin, in the same county, and left them at the house of a resident in the latter town. On his way thither, in answer to an inquiry whether he was not afraid to carry such poor people, the defendant said that he did not mean to be seen at New-Berlin much in the day time, and the next morning, at an early hour, he was ten miles from New-Berlin, on his return. The woman was sick at the time of the removal, and died within a few days. The plaintiffs proved by an inhabitant of New-Berlin, who had resided in the town about 30 years, had been a merchant, and filled several public offices, that he had never known or heard of such a person as the pauper until she was brought into the town by the defendant. The defendant objected, that this evidence was not competent to prove that M. C. had not a legal settlement in the town ; the court overruled the objection, and decided that it was sufficient to go to the jury. The defendant next moved for a nonsuit, on the ground that the penalty was incurred only by bringing a pauper *from without the state.* The motion was denied. The defendant proved that he was employed and paid by a tavern keeper to New-Hartford to take the pauper and her children to New-Berlin, where she said her friends resided. The court charged the jury, that to subject the defendant to the penalty, they must be satisfied that the pauper had no settlement in New-Berlin, and that the defendant acted with a *mala fide* intent ; whether he designed to charge New-Berlin with the support of the pauper, was immaterial; if he carried her there for the purpose of ridding New-Hartford of her support, it was enough to charge him. The jury found for the plaintiffs. The defendant having tendered a bill of exceptions, sued out a writ of error.

*W. Crafts,* for plaintiff in error.

*J. A. Spencer,* for defendants in error.

NEW-YORK,     *By the Court,* SAVAGE, Ch. J.   It was objected at the trial,
Dec. 1832.   and has been insisted upon here, that the act under which the
———         penalty was claimed in this case applies only to bringing poor
Thomas      or indigent persons *from without the state.*   There is nothing in
v.          the act to give color to such a construction.   It is in these
Ross.       words : " If any person or persons shall bring, or remove, or
cause to be brought or removed, any poor or indigent person
into any city or town within this state, and there leave such
poor or indigent person, not having a legal settlement therein,
and without legal authority so to do, such person or persons
shall forfeit the sum of fifty dollars, to be sued for," &c. Laws
of 1827, p. 255.   The words *within this state* were surplusage
for the legislature have no right to make laws for any other
state, but certainly do not convey the idea that the poor per-
son is to be brought from without the state.   Since removals
are prohibited from one town to another, except within the
same county, there is the same reason to prohibit the intro-
duction of paupers from other counties as from other states ;
and even where the right of removal exists, the town, by
such unlawful act, is put to trouble and expense in the re-
moval.   This provision is first found in our laws in 1817, Laws
of 1817, p. 176.   All the previous provisions of that act relate
to paupers coming into the state from the other states, or from
Canada ; but even then the words are general in this clause,
and not applicable to persons brought from any particular
place.   The offence consists in bringing them into any town,
without reference to the place from which they shall have
been brought.   In 1827 the same clause was re-enacted, with
the difference of doubling the penalty.   It is totally immate-
rial whether the person brought from another state or an-
other town in this state.   The offence consists in bringing a
burthen upon the town.   In 1821 the legislature thought it ne-
cessary to declare " that no constable acting under the author-
ity of a warrant issued by any two justices of the peace of any
city or town within this state for the removal of any pauper,
shall be subject to the penalty imposed by the fourth section
of the act" of 1817; this was to guard against the case of an
imperfect or irregular warrant, and clearly proceeds upon the
assumption that the offence might be committed by carrying
a pauper from one town to another town within this state.

The court in charging the jury stated, that the act must have been done with a *mala fide* intent; but it was not necessary to incur the penalty that the defendant must have intended to charge the town of New-Berlin, it was sufficient if his intent was to exonerate the town of New-Hartford, from which he carried the pauper. This charge was correct; there must be an evil intention; a poor person may be carried very innocently by any of our public vehicles of conveyance from place to place, without incurring the penalty. The owners of such vehicles may be within the letter, though they certainly are not within the spirit of the statute. If the intent be fraudulent that is, against the spirit of our poor laws, that is sufficient to charge them. If the defendant's object was to exonerate New-Hartford, and thereby charge some other town, it was not necessary the jury should find that New-Berlin was intended to be charged.

Whether the defendant acted in good or bad faith, is not a question before us upon this bill of exceptions; that was a question for the jury, and if they erred, an application should have been made to the common pleas of Oneida for a new trial on that ground. But in my opinion the evidence was sufficient to prove the *mala fides*, even if the court had said that the jury should be satisfied that the defendant intended to charge New-Berlin. To charge that town was as much the necessary consequence of his acts, as to discharge or exonerate New-Hartford.

The evidence adduced by the plaintiffs, that the pauper had not a legal settlement in New-Berlin, was competent and *prima facie* sufficient to throw the affirmative proof of settlement on the defendant. The court were correct on all the points, and their judgment must be affirmed, with single costs.