RUSSELL WHEELER, plaintiff in error, v. JOSEPH SHIELDS, defendant in error.

*Error to Will.*

In an action for slander, it is no justification that the defendant, at the time he spoke the slanderous words, accompanied them with an explanation that such was the common report; and that he spoke the words as merely giving the report.

Where a *Dedimus*, or Commission to take depositions, is not directed to particular persons, as Commissioners, if the depositions are taken before a justice of the peace, his official character should be certified under the seal of a court of record, in the place where the depositions are taken, or under the great seal of the State. But the admission in evidence of depositions not so certified, cannot be assigned for error, where their contents do not relate to matters material to the point in issue.

In an action for slander, where the defendant pleaded not guilty, and depositions, proving the good character of the plaintiff, were admitted in evidence, on the trial, though not certified according to law : *Held*, that as they related to a fact not in issue, their admission could not be assigned for error.

To induce the granting of a new trial, there should be strong probable grounds to believe that the merits of the case have not been fully and fairly tried, and that injustice has been done.

THIS cause was tried at the October term, 1836, of the Circuit Court of Cook county, before the Hon. Thomas Ford and a jury, and a verdict rendered for the defendant below. A new trial was granted, and the venue of the cause changed to Will county, where the cause was tried at the January term, 1838, of the Will Circuit Court, before the Hon. John Pearson and a jury. Verdict and judgment were rendered for the plaintiff below, for $1000 and costs.

It appears from the bill of exceptions, that the cause was set for trial on the first day of the January term, 1838, of the Will Circuit Court, but was tried on the second day of said term. After the jury were called, but before they were sworn, the defendant's counsel excepted orally to the depositions taken in this cause. The defendant objected to the deposition of John K. Finley, read on a former trial of this cause, without objection, for the reason that the said deposition did not appear to have been signed by the deponent, Finley ; also to the deposition of Samuel Nichols, read on the former trial without objections, on the ground that the official character of the officer taking the same, was not certified to under the seal of the proper court of record of the county or city where such deposition was taken. The deposition appears to have been taken before "Harry Slade, justice of the peace for Buffalo and Erie County, State of New York; and there was no certificate that said Slade was a justice of the peace, attached to said deposition. The same objection was made to the certificate of James Fitz Gibbon, justice of the peace of the Home District, Upper

Canada, who merely stated, that the witnesses were sworn to, and the depositions signed by them before him, there being no certificate of any one that he was a justice of the peace. The same objection was made to the reading of the depositions taken before Henry Warren, a justice of the peace of St. Thomas, in London District, Upper Canada, in 1837, who stated that the witnesses were sworn to, and subscribed the depositions before him. There was no certificate that said Warren was a justice of the peace, attached to said depositions. The same objection was made to the deposition of Henry Vethake, taken before B. Gerhard, a justice of the peace in the city of Philadelphia, and State of Pennsylvania, who certified that said Vethake was duly sworn, &c. to said deposition. But there was no certificate of any one, that said Gerhard was a justice of the peace, attached to the deposition. The same objection was made to the deposition taken before William Everett, a justice of the peace of the county of Warren, in the State of Mississippi, who stated that the witnesses were duly sworn, &c. before him. To the deposition is attached a certificate of Elbridge G. Walker, clerk of the Probate Court of the county of Warren, in the State of Mississippi, by Charles Sheldon, his deputy, certifying, under the seal of said Court, "that said William Everett is, and was at the time of signing the same, an acting justice of the peace, in and for said county, duly commissioned and sworn." All of these objections were overruled by the Court; to which decision the defendant excepted. When the evidence and arguments of both parties were closed, the defendant moved, amongst other instructions, the following, to wit, "That if the jury believe from the evidence, that at the time he (the said defendant) spoke the words proved, he accompanied them with an explanation, that this was the common report in St. Thomas, Upper Canada; and that he spoke the words as merely giving the report, that the declaration is not sustained"; which instruction was refused by the Court, to which refusal the defendant excepted.

It also appeared from the bill of exceptions, that the following rule of practice was adopted at the June term, 1837, of said Court, to wit, "8th Rule. All exceptions to depositions, unless for irrelevancy or incompetency, shall be in writing, and filed with the depositions as soon as practicable after they shall be opened."

GILES SPRING and G. GOODRICH, for the plaintiff in error.

J. M. STRODE and S. A. DOUGLASS, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action brought to recover damages, by Shields, of Wheeler, for charging him with having murdered his wife in the town of Vicksburgh, Mississippi.

The declaration contains two counts; the first charging the words to have been spoken by Wheeler, in pursuance of certain information he had received of a third person, communicating the fact that a person, supposed to be Shields, had committed the act; that Shields answered the description, both by profession and description, and intimating that Shields was the person who had perpetrated the act.

The second count charges Wheeler with having alleged distinctly, that "Shields murdered his wife in Vicksburgh, and that he meant to prove it."

Wheeler pleaded the general issue. A verdict was found for the plaintiff. Motion for new trial below, and refused. Two exceptions were taken on the trial ; one for the refusal to reject certain depositions read in evidence, on the part of the plaintiff, on the trial in the Circuit Court; the other for the refusal to give certain instructions prayed for by the defendant, Wheeler's, counsel.

It is to be observed, that it does not appear that the depositions contained in the record were the only evidence adduced on the trial of the cause. The speaking of the words charged, must have been proved by other evidence than the facts contained in the depositions, which seem to be silent as to that portion of the case.

It is, then, apparent, that this Court has not the means of determining whether, or not, on all the evidence given in the cause, the Circuit Court erred in refusing to grant a new trial. Consequently we cannot disturb the judgment of the Court on that ground.

In reference to the exceptions to the depositions introduced by the plaintiff on the trial in the Circuit Court, it is apparent, that where the commissions were not directed to particular persons as commissioners, to take the testimony of the witnesses, in such cases, the character of the magistrate, certifying the taking of the depositions, should also have been proven by the certificate of the proper officer of a court of record in the place where the depositions were taken, or by a certificate under the great seal of the State.

The admission of the depositions not thus certified, however, does not affect the merits of the case. On looking into those depositions, they are found to relate to matters not directly material to the point in issue. That point is the speaking of the words, which the defendant only denied in his plea of the general issue.

These depositions relate almost exclusively to the general good character of the plaintiff, Shields, and that fact was not necessary to sustain the action ; and was supererogatory, because the defendant had not attacked his character in his defence.

The proof might possibly be proper, to increase the damages, but was unessential to maintain the action.

The admission then of such of these depositions as were defec-

tively certified, considering the character of the proof, is not esteemed of importance sufficient to disturb the judgment.

The refusal of the judge to give the instruction, "That if the jury believed from the evidence, that at the time the defendant spoke the words proved, he accompanied them with an explanation that this was the common report in St. Thomas, Upper Canada ; and that he spoke the words as merely giving the report, that the declaration is not sustained," was correct. This could be no justification, had the defendant even pleaded a justification of that character ; but the instruction asked was irrelevant, because nothing was in issue but the question whether the defendant spoke the words charged, or not.

To induce the granting of a new trial, there should be strong probable grounds to believe that the merits of the case have not been fully and fairly tried, and that injustice has been done. (1)

These reasons apply with peculiar force in actions of slander, and ought to have their full weight.

The whole grounds have been attentively considered, and we can come to no other conclusion than to affirm the judgment.

*Judgment affirmed.*

(1) 1 Bos. & Pul. 339 ; 2 T. R. 4 ; 8 Wend. 672 ; 5 Johns. 138 ; 2 Caines 90 ;
3 Johns. 532.