Green, J.
delivered the opinion of the court.
On the trial of this cause, the plaintiff introduced and examined John Coppack as a witness, as to the boundary of the land in controversy; and on the cross examination the defendant produced a plat, and enquired of the witness whether he had not made that plat as the land had been run out by him; he answered he had made it; it was all in' his hand writing, but he could not tell when he had made it. The defendant offered to submit the plat to the jury as evidence, but the court rejected it, but permitted the witness to refresh his memory by an inspection of the plat and notes, to which the defendant excepted, and which his counsel now insists was error.
We are unable to perceive how this plat could be evidence in the cause. Its production and identification by the witness as his work, is evidence that he had; at some time, and for some purpose, surveyed the land it represented, and it was *219 competent for him to use it, to refresh his memory, so as to ascertain whether it had been made at the instance of the lessor of the plaintiff, or those under whom he claimed. This was permitted by the court; but when the witness could tell no more about it, than it was his work, and 'the notes were in his handwriting, the court was certainly right in saying that the plat, as such, was incompetent to go to the jury as evidence. It could certainly prove nothing between these parties, because it does not appear to have been made at the instance of either of them. It was evidence only, that Coppack had, at some time, and for some unexplained purpose, made a survey that had left out the land granted to Howerton; but as it did not show at whose instance the_ survey was made so as to connect it in any way with the parties in the cause, it was not evidence of any fact in this case, and was, therefore, properly rejected, as irrelevant and incompetent.
2. The court charged the jury, that if the plaintiff had possession of any part of the land covered by his grant or deed, the defendant would be protected to the extent of his actual possession only; the meaning of which, as applicable to this case is, that if a plaintiff have a grant for a large tract, a part of which is covered by the defendant’s title, who is in actual possession of such part for seven years, he will be protected to the extent of his actual possession only, if the plaintiff have possession of any part of his tract so interfered with.
In this part of the charge, his Honor the Circuit Judge was certainly mistaken. The law is, that in order that the possession of one claimant shall neutralize the possession of the other, both must be in the actual possession of some part of the disputed land.
But as this error of the court could have had no influence on the minds of the jury, it would be improper to reverse the judgment on account of it. If the jury had been of opinion, that the defendant had been seven years in possession of the land, and had, by their verdict, protected that possession to the extent of his actual occupation or enclosures only, then the wrong direction of the court, as to the extent of his adverse possession, would have affected the verdict, and would have been a good *220 ground for reversal. But the jury find for the plaintiff as to the whole extent of the claim, and as the defendant’s possession did not protect him as to any part of the land, it is certainly useless to enquire as to the extent of that possession. The court also erred in telling the jury, that if the defendant had actual adverse possession, at the time Glass sold the land, the sale would be champertous and void to the extent of such actual possession only. If the defendant had actual adverse possession of a part of his hundred acre tract, he was in the adverse possession of the whole of that tract, although said tract was covered by Glass’ grant, and he was in possession of part of the land covered by his grant, not included in the defendant’s hundred acre grant. A sale, therefore, under such circumstances, would be void to the. whole extent of the defendant’s grant, so adversely possessed.
But this, also, was a mere theoretic error, that did not at all effect the verdict. The jury did not find that the sale was champertous and void to any extent; and it were certainly a very useless thing to reverse the judgment, with a view to en-quire in another trial, to what extent the sale would have been void, had it been invalid for any part.
-This is one of those cases in which this court can see, that the errors of the court below could not possibly have had any influence upon the verdict; and that if the. charge of the Judge had been unexceptionable, the jury would have found the same verdict. In such cases a new trial will not be granted by this court. The effect of a reversal would be, to create additional costs, put the parties to great expense and trouble, and occupy the time of the court below, in another trial, merely to correct theoretic errors, that it was known exerted no practical influence on the issue of the cause. Graham on New Trials, 301, et seq.; 8 Wend. Rep. 672; 3 Jh. Ca. 125.
The judgment must be affirmed.