Jobe's Adm'r v. Weaver.

W. S. Jobe's Administrator, Appellant, v. John Weaver, Respondent.

77 665
102 ³150

Kansas City Court of Appeals, January 2, 1899.

1. **Bills and Notes**: ENTRY OF CREDIT: EVIDENCE. The entry of a credit on a note by the payee thereof is against his interest and is admissible as *prima facie* evidence of such payment, though made sometime after the alleged payment.

2. ———: EVIDENCE: CERTIFICATE OF PROBATE: HARMLESS. In a trial to recover on a note, where the sole contention is about two prior payments thereon, the introduction in evidence of the certificate of allowance by the probate court against the estate of a co-obligor is unnecessary, and in this case harmless.

3. **Trial Practice**: QUOTIENT VERDICT: AFFIDAVIT OF JUROR. A jury can not fix their verdict by mere chance or lot though they may compute the average of their respective judgments provided they do not agree beforehand that their verdict should be in accordance with such result; and a verdict can not be impeached by the affidavit of a juryman, nor will a paper found in the jury room, showing an average computation near the verdict, authorize its being set aside.

*Appeal from the Cole Circuit Court.*—Hon. D. W. Shackleford, Judge.

Reversed and remanded (*with directions*).

Moore & Williams for appellant.

(1) The court in sustaining the motion for a new trial, expressly finds, as shown by the record, that the verdict of the jury was not against the weight of the evidence. (2) There was no illegal testimony permitted to go to the jury prejudicial to the defendant. The only two payments on the note submitted to be read to the jury to defeat the plea of the bar of the statutes of limitation were proved beyond question. No legal exceptions were properly saved to any evidence given

during the trial. The only errors of the court were in favor of defendant, as more fully set out in brief. (3) The court gave defendant all the instructions he was entitled to, and those given for plaintiff were proper under the evidence. Haver v. Schwyhart, 48 Mo. App. 50; s. o., 39 Mo. App. 303; Smith v. Zimmerman, 51 Mo. App. 519-523; Loewer v. Haug, 20 Mo. App. 163; Goddard v. Williamson, 72 Mo. 131; Carter v. Carter, 44 Mo. 195; 1 Green. Ev., sec. 122. (4) There is no point in the alleged misconduct of the jury as shown by the motion for a new trial.

POPE & BELCH for respondent.

(1) It was error for the court to allow the notice of presentation of demand. It was in effect to say that the defendant was bound by the action of the parties in the probate court and its judgment, a proceeding to which the defendant was not a party. It was as much as to say that amount was then due on the note. Dugge v. Stumpe, 73 Mo. 513; Graves v. Ewart, 99 Mo. 13; McMahan v. Geiger, 73 Mo. 145; Foundry Co. v. Schloss, 43 Mo. App. 304. (2) The court erred also in allowing the credits of March 15, 1883, and November 6, 1891, to be read in evidence to the jury. They were not contemporaneous acts with the transaction, according to plaintiff's testimony. 1 Greenleaf on Ev., secs. 121, 122, 123. It is not the indorsement that takes the note out of the statute of limitations, but the payment. Under the circumstances shown by the plaintiffs the indorsements were not competent evidence. Ladd v. Couzins, 35 Mo. 516; Gorham v. Auerswald, 53 Mo. App. 131; Poole v. Dicas, 1 Bingham, New Cases, p. 654; Ibid, and cases cited in foot notes. (3) For the reasons set forth and by virtue of power and authority vested in

the court by section 2240, Revised Statutes 1889, the court acted properly in setting aside the verdict of the jury, which was wrong under any view of the case that could be taken. All presumptions are in favor of the correctness of the action of the court in granting the new trial. Hewitt v. Steele, 118 Mo. 463; Guinn v. Boas, 31 Mo. App. 131; McCullough v. Ins. Co., 113 Mo. 606; Mason v. Onan, 67 Mo. App. 290; Reid v. Lloyd, 61 Mo. App. 646.

GILL, J.—This is an appeal from an order granting a new trial in a suit on a note of $400 jointly executed September 30, 1876, by defendant and his son W. J. Weaver, and payable to plaintiff's intestate. The following credits appear written on the back of the note: March 15, 1883, $12.50; November 6, 1891, $150; May 14, 1894, $1013.66, and December 29, 1896, $1,000. The answer admits the execution of the note but denies the payments so credited and then sets up the statute of limitations in bar of the action. The two last payments, that is the one of $1,013.66 in May, 1894, and the other of $1,000 in December, 1896, were unquestionably made, the first by the administrator of W. J. Weaver, defendant's co-obligor, and the $1,000 payment was made by a trustee from the sale of certain land covered by a deed of trust given by said W. C. Weaver during his lifetime.

This suit was commenced in the latter part of 1896, immediately after the said $1,000 payment. In the trial below, the jury returned a verdict for plaintiff in the sum of $206 as the balance due on the note. But the court, on defendant's motion, set aside the verdict and granted a new trial. Plaintiff appealed from this order.

I. The trial court failed to state upon what ground the new trial was granted, as section 2241 of

the statute requires, but did declare "that said motion is not sustained on the ground that the verdict is against the weight of the evidence." We are left then to determine whether or not the court's action can be approved on any of the grounds contained in the motion for new trial.

After a careful inspection of the record we fail to discover any substantial reason for the court's action in sustaining the motion for new trial. The defendant admits the execution of the note and the sole defense is that the action is barred by the ten year's limitation. It is clear that this is a good plea unless the note was saved from the statute by the partial payments—$12.50 March 15, 1883, and $150 November 6, 1891. As to these payments, the evidence almost conclusively establishes that they were made by the defendant, and at or about the dates named; at all events there was abundant evidence to so prove and the jury so found.

From the testimony it would seem that the holder of the notes did not perhaps indorse these credits on the very day such payments were made; that in the first a few days had elapsed, while in the other the credit was indorsed the next day after such payment. In view of this defendant's counsel insist that such indorsements, though made by the payee and holder or by his direction, should not be received in evidence because not contemporaneous with the act or acts of payment. This contention of counsel is based on the theory that the written indorsement of credit is only admissible as part of the *res gestae*, and unless the indorsement was made contemporaneously with the receipt of the money then it should be excluded. We regard this view as erroneous. While the indorsement of credit may not be treated as part of the *res gestae* (and for *that* reason admissible in evidence) unless such writing be

*Bills and notes: entry of credit: evidence.*

made contemporaneous with the partial payment, yet if the holder of the note shall enter a credit on the back thereof then such entry if made before the bar attaches will be *prima facie* evidence of such payment, even though indorsed on the note at a time subsequent to the alleged payment. This concession of credit made by the payee during the life of the note, is admitted in evidence because an admission or declaration against the interest of the holder. In other words while such indorsement can not be treated as part of the *res gestae*, or act of payment, yet such entry, made by the holder or under his direction, will be evidence of such payment because an admission against the interest of said payee. In Greenleaf's Evidence (sec. 120) this distinction is clearly pointed out. He says: "There are two classes of admissible entries, between which there is a clear distinction, in regard to the principle on which they are received in evidence. The one class consists of entries made against the interest of the party making them; and these derive their admissibility from this circumstance alone. It is, therefore, not material when they were made. * * * The other class of entries consists of those which constitute parts of a chain or combination of transactions between the parties, the proof of one raising a presumption that another has taken place. Here the value of the entry, as evidence, lies in this; that it was contemporaneous with the principal fact done, forming a link in the chain of events, and being part of the *res gestae*." See, also, Haver v. Schwyhart, 39 Mo. App. 303.

II. During the trial plaintiff called as a witness the administrator of W. J. Weaver (the said W. J. Weaver as already stated being a co-maker of this note with defendant) and over defendant's objection said

administrator was permitted to testify as to the allowance, by the probate court, of a claim on
——: evidence: certificate of probate: harmless.
the note against said Weaver's estate. The certificate introduced showed that the probate court allowed on the claim the sum of $1,673.05, and the administrator testified that he paid thereon $1,013.66, and as already stated this was credited on the note in suit.

For the purposes of this suit it was only necessary to show the above named payment, and it was therefore perhaps unnecessary if not improper to introduce the certificate of allowance made by the probate court. It is true, as defendant's counsel contends, that this defendant could not be bound by that judgment since he was not a party to the proceeding. It seems however, that the introduction of the paper could do the defendant no harm—especially in view of the real issues being tried. As heretofore stated, the sole and only questions of fact that were tried by the jury in this case were, whether or not the two indorsed credits of $12.50 and $150 were in fact paid by the defendants and at the times they respectively bore date. We fail to see wherein the defendant could have been prejudiced by the administrator's testimony or by the introduction of the certificate of allowance before referred to. In arriving at the balance due on the note in suit, the jury allowed as credits all of the sums indorsed thereon, including as by the court instructed the $1,013.66 paid by the aforesaid administrator, as well as the $1,000 paid by the trustee who sold the land under the deed of trust executed by said W. J. Weaver during his lifetime.

III. On the following day after this case was tried one of the defendant's counsel found in the jury room a paper which contained some twelve separate amounts added, and an average taken by dividing the gross sum

Jobe's Adm'r v. Weaver.

**TRIAL practice: quotient verdict: affidavit of juror.** by the number twelve. The result figured was $205.50. The verdict of the jury was for $206. Accompanying the motion for new trial the attorney filed his affidavit showing the above facts, and along with it the affidavit of one of the jurymen, stating that the verdict of the jury was arrived at by each juryman writing on a slip of paper what he thought the verdict should be and the amount thereof; these amounts were added, the aggregate divided by the number of jurymen and that a verdict was rendered according to a result of this computation.

The court was not authorized on this showing to grant a new trial. It is misconduct on the part of a jury to fix the verdict by mere chance or lot. To prove such misconduct however is a very difficult matter. It is well settled that this can not be done by the affidavit of the jurymen; it is said to be against public policy to allow jurymen to impeach their own verdict. State ex rel. v. Gage Bros., 52 Mo. App. loc. cit. 470, and cases cited; 2 Thompson on Trials, sec. 2603.

Jurymen may compute the average of their respective individual judgments, when trying to arrive at the amount of a verdict, without being guilty of misconduct. This only becomes wrong when it is agreed beforehand that the verdict shall be in accordance with such result. So then the paper here found in the jury room does not of itself show that the jury resorted to illegal means in fixing the amount of recovery. Besides in this case the verdict, if for the plaintiff, was a mere matter of computation and when the credits which were allowed by the jury were considered, the verdict, it seems, should have been for the amount here rendered or a little more. The court without objection, told the jury that if they found for the plaintiff to return a verdict not exceeding $253.

The instructions given and refused have been

carefully examined and considered, and the court's rulings thereon were not in our opinion prejudicial to defendant.   What we have said in the first paragraph of this opinion is a complete answer to the objection to plaintiff's first instruction.

The verdict rendered by the jury was, it seems to us, clearly for the right party and ought not to have been disturbed.   The order and judgment of the trial court, setting aside this verdict, will then be reversed and the cause remanded with directions to enter judgment thereon.   All concur.