Mr. Justice Walkee delivered the opinion of the Court. This was an action of debt instituted on a writing obligatory. The defendant, with other pleas, filed his plea of limitations, out of which arises the only question presented for our consideration. The plaintiff replied part payment within five years and before the statute bar had accrued : to which the defendant rejoined, first, that no such payment was made; second, that payment was applied to the bond in suit without defendant’s consent after the cause of action had been barred and in fraud of his (defendant’s) rights, and concluded with a verification; to which the plaintiff surrejoined, traversing the facts therein set forth. The plaintiff, to sustain the issue on his part, offered in evidence the writing obligatory declared on, with an endorsement thereon, dated 28th March, 1846, crediting the same with $306 50, and proved by a witness that the credit was entered on or about the day of its date, that shortly after the credit was so entered, the defendant admitted to witness his indebtedness to the plaintiff and expressed lfis fears that a payment of upwards of $300, which he had made to the plaintiffhad not been credited on the debt. Plaintiff then proved by another witness that he saw defendant pay the plaintiff $200 in money, and upwards of one hundred dollars in groceries, that both payments were made on the same day in the spring of 1846. By another witness he proved that witness had frequently heard defendant say that plaintiff held his note and in the spring of 1846 he heard defendant say that he had paid plaintiff $200 in gold and upwards of one hundred dollars in groceries, and that he thought be could or would pay plaintiff as much as one hundred dollars on what he (defendant) owed him. Before examining the defendant’s evidence it may be well to enquire whether the proof on the part of the plaintiff is sufficient to sustain the issue on his part. We think it clearly proven that the payment of $308 50 was made and the credit entered on the bond before the debt was barred by the efflux of time, and that there was still an admitted balance due from defendant to plaintiff. It is also in proof, by the admissions of the defendant that the plaintiff held his note; but there was no reference to any particular debt at the time the payment was made. If there had been proof of the existence of more than one debt (even though of equal grade) a question of some doubt might arise as to whether the creditor could, by applying it to the payment of either at his discretion, fi.x upon the debtor an admission of indebtedness upon the particular debt so credited. Such however is not the state of case before us. Here there is proof of the existence of but one debt, and the question is, was it necessary for the plaintiff to prove that the defendant, by express declaration, directed the credit to be entered on the bond in suit, or, when it is shown that the credit was in fact entered before the debt was barred by limitation, shall we presume that the defendant intended the payment to be entered as a credit on the note or bond credited, subject to be repelled by evidence on the part of the defendant tending to show that such was not his intention? The plaintiff in error insists that no such presumption can be indulged; but that the plaintiff must show by direct affirmative evidence that the payment made was intended by the defendant as a credit and part payment of the particular debt in suit, and cites the decision of this court in the case of Alston vs. State Bunk, 4 Eng. 460, in support of his position. It is true, in that case, that we hold an actual part payment of the particular debt in suit necessary to raise such an implied promise as will take the residue of the debt out of the operation of the’ statute bar. But then the questions as to what is necessry to prove to sustain an issue, and what grade or amount of evidence is sufficient to establish the fact to be proven, are quite different. Th.e case of Alston vs The Bank simply decides what, shall be proven, not what grade or amount of evidence shall be necessry to establish the issue, or on whom the burden of proof shall rest. The late case of The State Bank vs. Wooddy et al., 5 Eng. 641, is decisive of this latter point. In that case it is expressly decided that proof that the credit endorsed had in fact been entered before the efflux of a sufficient time to perfect the statute bar, in the absence of other evidence to repel the presumption raised thereby, is sufficient evidence of part payment of the partiem lar demand sued on, to take the case out of the statute and entitle the plaintiff to recover: not that such proof is conclusive, but simply that it is prima facia, sufficient evidence both of a payment and its appropriation to the particular debt intended by the debtor to be paid. These decisions do not in the least conflict with each other — the first relating to the facts to bo proven, the latter to the grade of evidence to be adduced and upon whom the burden of proof rests. Turning to the evidence of the defendant we find nothing which could in our opinion remove the presumption that the payment was intended by the defendant to be applied to the particular bond in suit. The word “ notes” as used by the witness, when taken in connection with the other statement in the same connection, amounts to nothing. The sum stated to be due from the defendant to the plaintiff well corresponds with the amount of the one bond in suit. If any other note or bond existed, it must, according to the amount of indebtedness stated, have been very small, far less than the'credit of $306 50 proven to have been made. Besides, it is in proof that defendant admitted himself indebted at least one hundred dollars more than the $306 50, which he had paid on that debt. So that, in any event, there would have been a large balance which we must presume was intended to be paid on the bond in suit. But in truth, the whole evidence considered, it is quite evident that there was but one debt in existence. The residue of the defendant’s evidence is wholly insufficient to sustain either of his pleas and it is therefore unnecessary to examine it. ■ The remaining points to be considered relate to instructions given and refused by the court below. The first instruction given at the instance of the plaintiff was general and unqualified. It should have been restricted to the rule as laid down in the case of The State Bank vs. Wooddy et al.; but as there was no evidence tending to repel the presumption that the payment was intended by the defendant to be applied to the payment of the particular bond in suit, it could not have influenced the finding of the jury, which was clearly correct under the evidence. Crary vs. Sprague, 12 Wend. 46. 3 John. 90. 5 John. 138. 8 Wend. 672. 2 Term R. 6. 1 Taunt. 12. The defendant’s instructions were properly refused. The case of The Bank vs. Wooddy et al., is directly in point and decisive of the question. In view of all the evidence there is no doubt but that the jury were well warranted in the verdict rendered, and that the circuit court did not err in refusing to grant a new trial. Let the judgment be affirmed.