JAMES H. HAVER, Administrator, Respondent, v. M. S. SCHWYHART, Appellant.

Kansas City Court of Appeals, February 17, 1890.

**Limitations:** ENDORSEMENTS ON NOTES, EVIDENCE OF WHAT AND WHEN. If the endorsement of a credit is in fact made by the holder of a note before it is barred, it will be evidence of payment by the payor, but if made by him after the note is barred, it is not admissible, without showing it was authorized by the payor. But the endorsement alone is not evidence that the payment was made at the time stated therein.

*Appeal from the Daviess Circuit Court.*—HON. C. H. S. GOODMAN, Judge.

REVERSED AND REMANDED.

*J. F. Harwood* and *Nicklin & Yates,* for the appellant.

(1) The respondent should have been required at the beginning to show when the credit in dispute was made, and that it was made at a time when it would have been against Waters' interest to make it or to have it made, or that it was made by or with the consent of Schwyhart and Henry Roberts or one of them. *Goddard v. Williamson's Adm'r,* 72 Mo. 131, and other authorities there cited. *Loewer v. Haug,* 20 Mo. App. 164, is to the same effect as *Goddard v. Williamson's Adm'r* just cited. The reason and authorities, which make the court's instruction on behalf of the plaintiff improper, would make the giving of the instruction asked for by defendants proper. Schwyhart should have been permitted to say as a sworn witness, in whose handwriting the two first credits on the note were.

*Gillihan & Brosius* and *Oscar Saylor*, for the respondent.

(1) That on the issue made by the plea of the statute of limitations in bar of the respondent's action the note, with its credit of July 1, 1877, was on its face admissible in testimony. (2) The payee, Davis Waters, being dead, and the note showing on its face that it was unpaid, and that the credit of July 1, 1877, had been made before the note was barred by the statute of limitation, and the endorsement thereon of said credit, wrongfully and without payment, would have been against said Waters' interest—then said note became and was competent testimony without any preliminary proof. (3) The argument of respondent's attorneys, that the custodian of papers ought to be required to account for credit on note, has no application when party is dead. (4) Respondent further says that the suit of *Goddard v. Williamson's Adm'r*, 72 Mo. 131, cited by appellants, does not declare the law to be as asserted by appellants, but is in harmony with the finding of the lower court, and is authority therefor. The case of *Loewer v. Haug*, 20 Mo. App. 164, also cited by appellants, is in harmony with *Goddard v. Williamson, supra*, and in harmony with the finding of the lower court.

ELLISON, J.—This action was begun May 16, 1887, and is on a promissory note dated February 5, 1870, due six months after date, for one hundred and fifty dollars, with ten per cent. interest from date. The note is endorsed with credits or payments as follows : February 3, 1871, fifteen dollars; February 3, 1872, fifteen dollars; July 1, 1877, five dollars. It does not appear who made the endorsements, the only evidence of payment was the endorsements themselves. Judgment was rendered for plaintiff and defendant appeals.

Unless the last endorsement was a payment, the note is barred by the statute and the question is, Does the endorsement alone show, *prima facie*, a payment by the debtor at the date stated in the endorsement? If the endorsement of a credit is in fact made by the holder of a note *before* it is barred, it will be evidence of payment made by the payor, for it is then against the interest of the holder to admit the credit. It will not be presumed he would enter a false credit while the note is alive in order to continue its life, when he could just as well begin his action. But, if the credit is made by the holder after the note is barred, the endorsement is not admissible, without showing it was authorized by the payor, for in this case it is to the interest of the holder to give himself a cause of action. *Loewer v. Haug*, 20 Mo. App. 163; *Goddard v. Williamson*, 72 Mo. 131.

But is the endorsement alone evidence that the payment was made at the time stated in the endorsment? We think not. There should be other evidence showing that the endorsement was entered on the note at the time it purports to have been. *Alston v. Bank*, 4 Ark. 415; *Beatty v. Clement*, 12 La. Ann. 82; *Maskel v. Pooley*, 12 La. Ann. 661; *Brown v. Hutchings*, 14 Ark. 83; *Ruddell v. Folsom*, 14 Ark. 213; *Wood v. Wilds*, 6 Ark. 754; *McGee v. Green*, 6 Port. 537; *Smith v. Sims*, 9 Ga. 418; *Adams v. Seitzinger*, 1 Watts & Serg. 243; *Clapp v. Ingersoll*, 2 Maine, 83; *Roseboon v. Billington*, 17 John. 182.

The paper is in the hands of the holder and it is in his power to antedate the endorsement so as to restore a cause of action which lapse of time has defeated. Greenleaf in his work on evidence, section 121, states that the date of the endorsement will be inferred from its face in the absence of opposing circumstances. He cites an English case in support of his statement, but by reference to *Alston v. State Bank*, *supra*, it will be seen that such is not the rule as now

recognized in England. And it is not thought to be the rule adopted in the greater part of the American states. In order then for the endorsement to be competent evidence in the case at bar, it must be shown *aliunde* the endorsement itself that it was made by the holder or by his direction, before the statute had run.

The judgment will, therefore, be reversed and the cause remanded. All concur.