JAMES H. HAVER, Administrator, Respondent, v. MARION S. SCHWYHART et al., Appellants.

Kansas City Court of Appeals, February 8, 1892.

1. **Limitation**: CREDITS: PAYMENTS.  *Haver v. Schwyhart*, 39 Mo. App. 303, *affirmed.*

2. **Limitations:** ENTRY OF CREDIT : PAYMENT : HARMLESS INSTRUCTION. An instruction, which directs a verdict for the. plaintiff if the entry of credit was made during the life of the note without reference to whether such credit arose from a payment made by defendant, is rendered harmless by an instruction given for defendant which directed the jury not to find for plaintiff if the payers had not made a payment within ten years prior to bringing the suit.

3. **Evidence:** WHOLE OF CONVERSATION : WITNESS. When one party draws out a part of a conversation, the other party is entitled to have the balance thereof brought out ; nor could one party testify to such conversation, the other being dead.

*Appeal from the Daviess Circuit Court.*— HON. C. H. S. GOODMAN, Judge.

AFFIRMED.

*Hicklin & Yates* and *J. F. Harwood,* for appellants.

(1) It was necessary that this $5 indorsement should have been made with the knowledge or consent of at least one of the parties liable on the note. Randolph, Com. Paper, sec. 1624, pp. 721–2. And, if no payment was actually made, the statute would not be stayed by an indorsement like this. 3 Randolph, Com. Paper, sec. 1624, p. 722, and cases cited. Had Waters been alive, he could have testified as to what Schwyhart did or said in relation to the indorsement, and Schwyhart could have given to the jury his statement of the matter—but when Waters is dead to allow testimony as to what Waters told Brown ( in the absence of Schwyhart ) Schwyhart had said about the indorsement ( not at the time the · indorsement was made ), and no time or place· named where or when Schwyhart had made the declaration, and not pretending to give Schwyhart's language ; and " he told me to ;" and then denying Schwyhart the privilege of giving the jury his version of the matter, is, to say the least, a sort of a " stand and deliver " trial that cannot be submitted to until·this court has sanctioned it. (2) The two

instructions given by the court on the part of the plaintiff are not the law. They simply tell the jury that if the payee directed the credit to be placed on the note, that fact (whether any payment was made or not) is conclusive of the right of plaintiff to recover; thus making an act done without the knowledge or sanction of defendants conclusive of their liability. Such is not the law. ° 3 Randolph, Com. Paper, sec. 1624, p. 721, and cases cited. Again the instructions for the plaintiff are so inconsistent with the one given for defendants, that they could not have failed to mislead the jury.

*Alexander & Richardson* and *Gillihan & Brosius,* for respondent.

(1) The appellants first assign as error the action of the court in admitting witness Brown to state to the jury what the payee Roberts told him when witness Brown made the $5 credit on the note in controversy. Witness Brown had been recalled for further cross-examination by counsel for appellants, and it was on such further cross-examination the question was asked. On redirect examination counsel for respondent simply called out the whole of the conversation, a part of which had been drawn out on cross-examination. It is hardly necessary to insist that no error was committed. (2) The appellants next assign for error the action of the court in excluding the testimony of Schwyhart. Davis Waters, one of the original parties to the cause of action in issue and on trial, being dead, defendant Schwyhart was disqualified to testify in the cause. R. S. 1889, sec. 8918, p. 2057; *Chapman v. Dougherty,* 87 Mo. 617; *Meier v. Thieman,* 25 Mo. App. 306; s. c., 90 Mo. 433; *Bank v. Hunt,* 25 Mo. App. 170. (3) Appellants next complain that the instructions given by the court on behalf of plaintiff are not the law. The first one is based on the testimony of Mrs. Crawford, who testified

on behalf of defendants. She testified that she placed the disputed credit on the note about the time it purports to have been made, by direction of her uncle, Davis Waters. The note, with the indorsement supplemented by her testimony, made a *prima facie* case for plaintiff and entitled him to recover under the rule as laid down by this court in this same case when here before. *Haver v. Schwyhart*, 39 Mo. App. 303. It is not necessary that the credit should have been placed on the note with the knowledge and consent of defendants, if the indorsement of the credit was in fact made before the note is barred. Plaintiff's second instruction comes within the rule laid down by this court in the opinion above referred to, and the observations made by us in reference to plaintiff's first instruction are equally applicable to the second instruction.

ELLISON, J.—This case is here for the second time. It is reported in 39 Mo. App. 303. The question was and is, whether the note was barred by limitation. If the last credit indorsed on the note was paid within ten years of the institution of this suit, then the cause was not barred. So there were two issues at the last trial: *First*, did Winters, the payee, indorse the credit, or have it indorsed, before the note was barred? The burden to show this was on plaintiff, and when shown it made a *prima facie* case for plaintiff; for, as explained when the case was here before, if the payee enters a credit on a note *while it is yet alive*, the act is against his interest, and will be evidence establishing *prima facie* a payment by the payer. The *second* issue was whether, notwithstanding the indorsement, there was in fact such a payment made by the payers. The burden to show there was not was upon defendants; for they must overcome plaintiff's *prima facie* case, which was made by showing the credit was entered before the note was barred.

These issues were submitted to the jury by instructions. But it is urged against plaintiff's instructions that they direct a verdict for plaintiff if the jury believe the indorsement of credit was entered during the life of the note, without reference to whether such credit arose from a payment made by defendants. But this defect is rendered harmless by defendants' instruction which directed the jury not to find for plaintiff, if the payers had not made a payment within ten years prior to bringing the suit. So that the jury must have found that the credit was the result of a payment made on the note by the payers.

There was no error in permitting witness Brown to testify to what Waters told him at the time he said he entered the credit. It was only the balance of a conversation which defendants had first drawn out. Neither did the court err in excluding the testimony of one of the defendants as the plaintiff was dead. Judgment affirmed. All concur.