FRANCES CRAIG, Administratrix of Estate of NORVAL CRAIG, Deceased, Plaintiff in Error, v. WILLIAM KELLY *et al.*, Defendants in Error.

St. Louis Court of Appeals, April 19, 1892.

1. **Practice, Appellate:** NON-PREJUDICIAL ERROR: EXPRESSION OF OPINION BY TRIAL JUDGE. At the close of the evidence in this cause, the trial judge expressed an opinion, unfavorable to the appellant, of

Craig v. Kelly.

the legal effect of certain evidence; but immediately thereafter, and after an examination of the authorities, he stated in open court that the opinion which he had expressed was erroneous; he also gave an instruction to the jury correctly stating the law upon the subject. *Held*, that this expression of opinion did not constitute prejudicial error.

2. ———: WEIGHING THE EVIDENCE IN ACTION AT LAW. This court is concluded by the finding of the jury on an issue of fact in an action at law, when the finding is supported by reasonable and fair inferences which are authorized by the evidence.

*Error to the Hannibal Court of Common Pleas.*—HON. THOS. H. BACON, Judge.

AFFIRMED.

*John L. RoBards*, for plaintiff in error.

*Harrison & Mahan*, for defendants in error.

BIGGS, J.—This action is on a promissory note, and was instituted on August 6, 1891, against William Kelly and John Chamberlain, since deceased. The note reads:

"$500. HANNIBAL, Mo., December 12, 1872.

"One day after date we promise to pay to N. Craig, or order, $500, value received, with interest from date at the rate of ten per cent. per annum, negotiable and payable without discount or defalcation.

"(Signed)         W. J. MARSH,
                       "N. B. DONLEY,·
                       "W. S. SHANNON,
                       "W. P. CARSTARPHEN,
                       "W. R. KELLY,
                       "J. CHAMBERLAIN."

On the back of the note are the following indorsements:

"$150 credit on within note (one hundred and fifty dollars), July 28, 1874.'

"May 15, 1876, received on the within $12.

"Received on the within $20, November 1, 1876.

"Credit on within note $30, this November 8, 1876.

"Received on the within $5, June 10, 1878.

"Received on within note $10, August 24, 1878.

"Received on within $10, October 2, 1878.

"Received $15, April 13, 1880.

"Paid on the within note $30, May 18, 1881.

"Received $35, December 14, 1882.

"May 26, 1883, credit on within note $20.

"Received $2, May 1, 1887."

The answer of the defendants contained a general denial and the plea of the statute of limitations. After the trial of the cause below, but prior to the submission in this court, John Chamberlain died, and his administratrix was substituted as a party defendant. There was a verdict and judgment for the defendant, and the plaintiff has appealed.

The plaintiff's assignments of error are: *First.* That the trial judge expressed in the presence of the jury an erroneous opinion concerning a legal question which was decisive of the case, by reason of which the plaintiff was prejudiced. *Second.* That the instructions are erroneous and misleading. *Third.* That the evidence affords no basis for the finding of the jury.

I.   There was evidence tending to prove, and it seems to be conceded now, that N. B. Donley was the principal in the note, and that the other signers were his sureties. The plaintiff's evidence tended to establish that the payments were made by Donley. At the close of the plaintiff's evidence the judge remarked that it was his opinion that a partial payment on a note by the principal, after the expiration of the original limitation, would not, so far as the surety was concerned (if the payment was without his consent), create a new period of limitation. Immediately afterwards, the judge

after an examination of the authorities, stated in open court that the view expressed by him was wrong. This is the matter complained of. We cannot conceive how the plaintiff could have been prejudiced, especially when the court's instructions are considered. In the second instruction the jury was told that "a payment on a note, if made by one comaker at any time within ten years after its maturity, operates as a new promise by all, of date of said part payment, and running for another ten years; pending which new period of ten years another payment by one comaker will again operate as another new promise by all, of date of such other part payment, and running for another ten years; and, if from the evidence the jury finds that such part payments were so in such times made by any one comaker on said note, the jury will find that said note is not barred by the statute of limitations." This instruction plainly declared the law, and no jury of any intelligence could have been led to discard it by reason of the colloquy between court and counsel. It seems to us that the matter complained of had a tendency to impress the minds of the jury with the correct view, rather than to confuse them on the subject, as contended by the plaintiff's counsel. What was said by the court during the trial cannot be regarded as an oral instruction; hence, the authorities cited have no application. We will have to overrule this assignment.

II. The objection made to the instructions relates to the fourth. This instruction reads: "If, under the evidence and instructions herein, the jury find that the limitation on said note had not expired at the time of the alleged credits of May 18, 1881, or May 1, 1887, either or both, then the question whether said payments were made, either or both, is for the determination of the jury on the evidence in the case."

The evidence tended to show that the credits referred to in the instruction were indorsed by Mr. Craig, the payee. There was no other evidence on the subject. The plaintiff insists that the indorsements alone are *prima facie* evidence that payments were actually made on the note at the' dates of the indorsements, and that, therefore, in the absence of proof to the contrary, the instruction of the court was wrong. When it is established that the indorsement of a credit on a note was made before the expiration of the period of limitation, the indorsement itself furnished evidence of payment, Dr. Greenleaf, in his work on evidence (1 Greenleaf on Evidence, sec. 121), says that, in the absence of opposing circumstances, the date of such an indorsement will be inferred from its face. But the Kansas City Court of Appeals in the case of *Haver v. Schwyhart*, 39 Mo. App. 303, denies this rule. The court said: "But is the indorsement alone evidence that the payment was made at the time stated in the indorsement? We think not. There should be other evidence showing that the indorsement was entered on the note at the time it purports to have been." Now, if we adopt the latter view, then the instruction was prejudicial to the *defendant* instead of to the plaintiff, because the only evidence was that the indorsements were in the handwriting of the payee. Therefore, the court should have instructed that there was no sufficient evidence of these payments. But, if the other view be adopted, then the instruction was not prejudicial to the plaintiff, because there were circumstances which had a tendency to refute the fact of payment, especially as to the last credit, which is the only material one to the defense made to the note. Hence, the plaintiff has no right to complain of this instruction under any view of the law. No complaint is made of the other instructions which are exceptionally good.

III.   It is next insisted that there is not a single fact in the evidence which would warrant the verdict. This court in the exercise of its appellate jurisdiction has the right to interfere when it appears' from the direct evidence, and the attending circumstances, that the finding of the jury is against all reasonable probabilities.   In the case of *Price, Adm'r, v. Ins. Co.*, 48 Mo. App. 281, the rule was stated in this way:   "We must recognize the fact that this is an action at law wherein the trial court performs the functions of a jury, and, if in the exercise of that function it has made *admissible inferences* from the evidence produced, we are bound by the finding.   *With the credit to be given to that evidence, as opposed to the testimony of plaintiff's witnesses, we have nothing to do."*   So in the present case, if the verdict of the jury is supported by reasonable and fair inferences which are authorized by the evidence, this assignment must likewise be ruled against the plaintiff. In support of the plaintiff's side of the case the evidence tended to prove that the payment represented by the credit of December 14, 1882, was made by Donley in the city of Hannibal; that the wife of the payee received the money, and that she indorsed the credit on the note on the day the money was paid.   These facts were testified to by her.   There was some evidence that the credit of May 26, 1883, was in the handwriting of Donley.   The only evidence concerning the last credit, as we have heretofore stated, was that the indorsement was in the handwriting of the payee.   Opposed to this there was evidence tending to prove that Donley failed in business in the city of Hannibal, in 1878; that he was well known there; that he left Hannibal as early as 1880; had not been seen there since, and that his place of residence was unknown.   It also appeared that Chamberlain was the only solvent party on the note; that Craig made inquiries for Donley, but could not

find him; and that Craig and Chamberlain both lived in the city of Hannibal until the death of Craig on the tenth of May, 1891.

It may be conceded for the purposes of the argument that the plaintiff's evidence was sufficient to establish the payments antedating that of December 14, 1882, and that there was no substantial opposing evidence. The question then is whether the adverse finding of the jury as to the three last payments can be upheld. We think it can. The jury was authorized by the evidence to find that Donley was not in Hannibal on December 14, 1882, and, therefore, could not have made the payment of that date in the manner testified to. The jurors were also authorized to find that the credit of May 26, 1883, was not in Donley's handwriting, because there was evidence tending to show that he left Hannibal prior to that time; that he had not been there since; that his place of residence thereafter was unknown; and that Craig lived in Hannibal during the entire time, and there was no evidence that the note had been sent away for collection. The last indorsement was in Craig's handwriting, or at least there was evidence tending to prove this. The facts that the note was fifteen or sixteen years old when this indorsement was made, that Donley, the principal, had been gone for six or seven years, and that Chamberlain was perfectly solvent, are sufficient to sustain the finding as to this alleged payment. It must be borne in mind that the jurors are the sole judges of the credibility of the witnesses, and the weight to be given to the evidence. While the verdict is opposed to the direct evidence, and is against the weight of the evidence, for the reasons stated we do not think that we could be justified in reversing the judgment.

IV. There is complaint made that the plaintiff's motion for a new trial was inadvertently overruled, and

that the order was made without any consideration of the motion on its merits. This is an unusual assignment of error, if it can be said that such a matter can be the subject of review. The record only shows that the motion was inadvertently overruled during the absence of the plaintiff's counsel. The presumption is that such action would not have been taken by the court under any circumstances, had not the judge been of the opinion that the motion ought to be overruled.

Finding no error in the record, the judgment will be affirmed. All the judges concur.