JOHN BRISCOE, Administrator, Etc., Appellant, v. SANDY P. HUFF, Respondent.

**Kansas City Court of Appeals, May 2, 1898.**

1. **Bills and Notes**: LIMITATION: DATE OF CREDIT. A credit entered on a note by the payee before the period of limit is complete will keep it alive, but the entry, of itself, is not sufficient evidence that it was made at the time, and there must be evidence *aliunde* showing the time when the entry was in fact made.

2. **Evidence**: ITEMIZED ACCOUNT: WAIVER. Where appellant objects to the introduction of an itemized book account but afterward himself put the same book in with all the accounts he waives his objection.

*Appeal from the Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

AFFIRMED.

MOORE & WILLIAMS for appellant.

(1) Our contention is, that the indorsement of the $80 payment is insufficient to go to the jury, and that the court erred in withdrawing the first instruction offered by plaintiff and given before the argument to the jury, and in refusing instruction number 5 offered by the plaintiff. Haver, Adm'r, v. Schwyhart, 48 Mo. App. 50; s. c., 39 Mo. App. 303; 1 Greenl. on Ev., sec. 122; Loewer v. Haug, 20 Mo. App. 163; Smith v. Zimmerman, 57 Mo. App. 519. (2) The court committed manifest error in permitting the so-called itemized account to go to the jury as evidence on the counterclaim. It is no such book account as contemplated by the statute. R. S. 1889, sec. 8918; Ittner v. Exposition, 97 Mo. 561; State ex rel. v. Smith, 89 Mo.

408; Marion B. & W. Co. v. Carreras, 26 Mo. App.
229; R'y v. Coombs & Bro. Com. Co., 71 Mo. App.
299.

L. F. Wood for respondent.

(1)   The note sued upon was clearly barred by the
statute of limitations, unless there was a part payment
within ten years prior to the institution of the suit.
There was no proof of any such payment.   The only
evidence, from which the fact of payment is sought to
be deduced, is the indorsement on the back of the
note.   Haver v. Schwyhart, 39 Mo. App. 303, 305;
s. c., 48 Mo. App. 50; Smith v. Zimmerman, 51 Mo.
App. 519; Goddard v. Williamson, 77 Mo. 131;
Loewer v. Haug, 20 Mo. App. 163.   (2)   Plaintiff's
book account is competent, and the statute authorized
him testify to the entries therein.   He had the right to
state in whose handwriting the charges were, and when
they were made.   2 Wagner Statutes, sec. 8918.

GILL, J.—This is a suit on a promissory note for
$275.50 due by its terms February 12, 1884.   The
action was begun in February, 1896.   The defenses
were—payment, plea of the statute of
STATEMENT.      limitations of ten years, and, in addition,
defendant set up a counterclaim on
account of work and labor done for the payee at his
request.   On the back of the note appears a credit thus
indorsed:   "Aug. 1886, received of S. P. Huff on the
within note, eighty dollars."

At the close of the evidence the court instructed
the jury "that this suit was not instituted until more
than ten years after note sued on became due, and
there is no evidence in this case that a payment was
made thereon within ten years before suit was com-

menced, and the note is barred by the statute of limitations, and plaintiff can not recover upon said note, leaving as the only question for you to pass upon the counterclaim," etc. Thereupon the jury returned a verdict for defendant, and awarded him $33.50 on his counterclaim, and plaintiff appeals.

It is clear that the note was barred by the statute unless saved by the credit indorsed thereon. If the payment was made at the time indicated by the written indorsement (that is August, 1886), then clearly the note was not barred. A credit entered by the payee or at his direction *during the life of the note* (that is before the statute had run) makes a *prima facie* case of payment. But in order to have this effect it must be shown that the credit was entered *before the note was barred* for at that time such entry was against the interest of the payee, but not so when indorsed *after* the statute had run. The weakness of plaintiff's case is here; he did not prove that the indorsement on the note was made *while the note was yet alive.* Witness Hazell, at most, only testified that he wrote the indorsement by the direction of the payee; that no payment was made at the time and that he knew nothing of any payment being made by defendant; and that he, the witness, had no recollection as to the time when the indorsement was made on the note, did not remember anything about it. The sole reliance then to prove that the indorsement was made at its date is the indorsement itself; but the indorsement alone is not evidence of that fact. Haver v. Schwyhart, 39 Mo. App. 303; s. c., 48 Mo. App. 50. As there said, "there should be other evidence showing that the indorsement was entered on the note at the time it purports to have been." In order to get the benefit of this indorsement plaintiff was bound to prove *aliunde* that the same was entered

BILLS and notes: limitation: date of credit.

before the ten years after the note's maturity had expired. Goddard v. Williamson's Adm'r, 72 Mo. 131. On this matter of limitation, then, the court's instruction was proper.

As to the defendant's counterclaim, plaintiff objects to the court's action in admitting an itemized book account kept by defendant. Of this,

EVIDENCE: itemized account: waiver.

it is sufficient to say that plaintiff himself subsequently put the book and all the accounts in evidence; he thereby waived all objections thereto. The judgment must be affirmed. All concur.