# T. J. BROWN, Appellant, v. JAMES T. CARSON, Administrator, etc., Respondent.

### Kansas City Court of Appeals, June 29, 1908.

1. **EVIDENCE: Bills and Notes: Credits: Limitation.** Credits on a note made during its life may be received in evidence, since they are against the interest of the payor; but credits after the period of limitations should be shown to have been with the consent and knowledge of the maker, since such credits are in the nature of a self-serving act of the payor.

2. ———: ———: ———: ———: **Hearsay.** Certain evidence relating to a payment on a note after the period of limitations is held properly refused, since it was merely hearsay and without probative force.

3. ———: ———: ———: ———: **Inferences: Jury.** A probate judge was asked if certain parties presented a claim against certain other parties and also if certain parties admitted that the maker of a note had paid the payor an installment thereon. *Held,* that said questions were improper, since they did not call for a statement of what was done but for inferences of the witness, thereby putting the witness in the place of the jury which alone has authority to draw inferences.

4. ———: ———: ———: ———: **Check.** About the time of a disputed credit on a note entered after the period of limitation the maker received a check for an amount larger than the payment. *Held,* the mere fact of such receipt was incompetent without showing connection between the check and the alleged credit; and the rule that a link in a chain of proof should be admitted, although at the time there was no disclosure by counsel of the connection, is held inapplicable, since there was no apparent connection between the check and the alleged payment.

Appeal from Carroll Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*L. H. Woodyard* and *Busby & Busby* for appellant.

(1)  The court erred in excluding indorsements of payments on the back of the note in suit.   Hence

an action on the note was commenced within ten years from the date of the last payment indorsed on the note, and if the payment was made by the debtor, then an action on the note was not barred by the statute of limitations.    R. S. 1899, sec. 4296; Waltemar v. Schnick's Estate, 102 Mo. App. 142; Elsea v. Pryor, 87 Mo. App. 157; Shannon v. Austin, 67 Mo. 485.    (2)  But while the last credit indorsed on the note was not sufficient in itself to completely prove the time and manner of the payment, and hence to fully make out plaintiff's case, yet it was a link in the chain of proof which, together with other evidence, would have made out plaintiff's case, and it was error on the part of the court to reject the indorsement, although no disclosure was made by plaintiff's counsel, at that time of an intention to make the additional proof.    Authorities cited at (5) infra.    (3)  The court erred in excluding the testimony of T. Jeff. Brown in relation to the payment on June 1, 1898, by deceased of $100 indorsed on the note.    Authorities cited at (4) and (5) infra.    (4) The court erred in excluding the testimony of probate Judge Dawson, in relation to an admission made by the heirs of the deceased maker of the note of the payment of the last credit indorsed on the note.    Allen v. Allen's Admr., 26 Mo. 329; Babb v. Ellis, 76 Mo. 469; Scheirbaum v. Schemme, 157 Mo. 19; 1 Am. and Eng. Enc. Law (2 Ed.), 679; 1 Am. and Eng. Enc. Law (2 Ed.), 675; Wiseman v. Railroad, 30 Mo. App. 518; Lowrey v. Danforth, 95 Mo. App. 451; Scovill v. Glasner, 79 Mo. 456; Meier v. Meier, 105 Mo. 430; 1 Enc. of Evidence (by E. W. Camp), pp. 508, 510; Carleton v. Patterson, 29 N. H. 580; Biglow v. Foss, 59 Me. 162; Grimshaw v. Paul, 76 Ill. 164; Barber's Administrator v. Bennett (Vt.), 1 L. R. A. 224; Connor v. Black, 119 Mo. 135; Rice v. Waddill 168 Mo. 120; Babb v. Curators, 40 Mo. App. 177; Creighton v. Modern Woodmen,

90 Mo. App. 386. (5) The court erred in excluding the check given by Knipschild & Payne to deceased, J. J. Brody, dated May 30, 1898 (one day before alleged payment on the note by deceased), with the name of deceased indorsed on the back thereof, and stamped paid by the bank, June 4, 1898 (three days after the alleged payment on the note), and the testimony of Fred Knips- child in relation thereto, offered in evidence by the plaintiff. Platte Co. v. Marshall, 10 Mo. 346; Lane v. Kingsberry, 11 Mo. 410; Fath v. Myers, 27 Mo. 569; Budd et al. v. Hoffheimer, 52 Mo. 305; Sninnabarger v. Shelton, 41 Mo. App. 158; Gardner v. Crenshaw, 122 Mo. 84.

*Jones & Conkling* and *Lozier, Morris & Atwood* for respondent.

(1) The note in suit, by its terms, is barred by the Statute of Limitations. A credit entered on a note, either before or after the bar is complete, is not, of itself, evidence that the payment was made at the time and in the manner indicated by the indorsement, but such payment must be proved by other evidence. (2) There was no evidence of any payment on the note in the thirty years that elapsed between the execution of the note and its exhibition as a demand against the estate of the maker. The court could not do otherwise than direct a verdict for defendant. Goddard v. Williamson's Admr., 72 Mo. 131; Phillips v. Mahan, 52 Mo. 197; Loewer v. Haug, 20 Mo. App. 163; Haver v. Schwyhart, 39 Mo. App. 303; Haver v. Schwyhart, 48 Mo. App. 519; Smith v. Zimmerman, 51 Mo. App. 519; Briscoe v. Huff, 75 Mo. App. 288; Gardner v. Early, 78 Mo. App. 346; Freeze v. Lockhard, 87 Mo. App. 102; Regan v. Williams, 88 Mo. App. 577; Crow v. Crow, 100 S. W. 1126. (3) The court properly struck from the record the indorsements on the note. There was no evidence that they represented payments, or that they

were made by the payor's direction, or with his knowledge, standing alone, they prove nothing, and as the plaintiff did not offer any evidence in connection with which such indorsements would be competent or disclose an intention of offering additional proof, the court could not do otherwise than exclude the alleged indorsements, as they were self serving and incompetent for any purpose.     (4) The court committed no error in refusing to permit T. Jeff. Brown to testify to inferences, and to express an opinion based on hearsay, or on the confidence he had in his "father's statements." R. S. 1899, sec. 640; Fox v. Young, 22 Mo. App. 386; Putnam v. Railroad, 22 Mo. App. 589; Alexander v. Railroad, 54 Mo. App. 66; Blakely v. Railroad, 79 Mo. 388.     (5) The questions propounded to probate Judge E. F. Dawson, were improper in form and substance, vague, indefinite and disjointed, not sufficiently specific as to the information sought to be elicited, and were clearly incompetent for any purpose.     (6) The question propounded to Judge Dawson by plaintiff's counsel clearly called for a conclusion or an opinion, and for that reason, if for no other, it was properly excluded.     Sparr v. Wellman, 11 Mo. 231.     (7) Even if the question propounded to witness by appellant's counsel were proper in form and not vague and indefinite as to substance, still their exclusion by the court would not constitute reversible error.     Counsel should have clearly stated to the court what he proposed to prove so the court could have determined whether it was material.     Jackson v. Hardin, 83 Mo. 187; Pier v. Heinrichoffen, 52 Mo. 333; Loker v. Railroad, 94 Mo. App. 485; Gaze v. Trawick, 94 Mo. App. 311; Bank v. Aull, 80 Mo. 202; Kraxberger v. Roiter, 91 Mo. 408; Imboden v. Trust Co., 111 Mo. App. 233; State v. Sansome, 116 Mo. 13; Berthold v. O'Hara, 121 Mo. 98; Robinson v. Siple, 129 Mo. 219; Ruschenberg v. Railroad, 161 Mo. 81; McCormick v. City of St. Louis, 166

Mo. 338; State v. Ragsdale, 59 Mo. App. 599; Distilling Co. v. Lock, 59 Mo. App. 640.

JOHNSON, J.—This action originated in the probate court of Carroll county on the 27th day of November, 1906, by the presentation of a promissory note as a demand against the estate of James J. Brody, deceased. The Statute of Limitations was successfully interposed as a defense in the circuit court where the cause was tried on appeal, and in obedience to a peremptory instruction, the jury returned a verdict for defendant. In due course of procedure, plaintiff brought the case here by appeal. Plaintiff offered in evidence as the foundation of his demand, the following promissory note:
"$120.50.          Carrollton, Mo., Jan. 1, 1876.

"One day after date, I promise to pay to the order of........at........T. J. Brown........One Hundred Twenty....50-100 Dollars, for value received, negotiable and payable without defalcation or discount, with interest from date at the rate of ten per cent per annum, payable annually, and if interest be not paid annually, or when due, to become as principal and bear the same rate of interest.
"JAMES J. BRODY."

Credits were endorsed on the back of the note as follows:

"Feb. 22, 1884.    By calf at $15.00.    T. J. Brown."
"Sept. 12, 1885.    By calves at fifteen dollars.    T. J. Brown."
"June 12th, 1898, received on the within note one hundred dollars.
"T. J. BROWN."

Defendant objected to the endorsements being admitted in evidence without proof that the payments

indicated by them had been made on the note. The objection was sustained and plaintiff excepted. A son of plaintiff then was introduced as a witness and interrogated concerning the credit of $100 dated June 1, 1898. We quote from his examination: "Q. I will get you to state if you remember the occasion of Mr. Brody paying your father one hundred dollars? A. I wasn't there in person when he paid it." Objection by defendant. Sustained. "Q. I will get you to state if your father received the one hundred dollars from Mr. Brody." Objection. Overruled. "A. I have several ways of knowing that. I have all the confidence in the world in his statement." "The Court: That's not proper evidence." Exception by plaintiff. "A. Well, I didn't see it. Q. Where is your father at the present time, Mr. Brown, and why is he not—?" Objection by defendant. Overruled. "A. He's at home or was this morning when I left Bosworth. Q. He's feeble? What's his physical condition?" Defendant objected. The objection was sustained and no further questions were asked the witness.

Plaintiff argues that the court committed prejudicial error in striking out the testimony of this witness. It will be observed that the Statute of Limitations had run against the note at the time of the credit of $100 shown by the endorsement, and it is clear the note was barred by the statute when this action was brought unless it was saved by that credit. The burden devolved on plaintiff to prove the fact of the resuscitating payment by evidence *aliunde* the endorsement which, standing alone was no evidence of that fact as it partook too much of the nature of a self-serving act of the payee. The rule thus is stated in Goddard v. Williamson's Admr., 72 Mo. l. c. 133: "When plaintiff proves that the credit was made at a time when it was against his interest to make it, it is admissible. If made by or with the consent of the payor

of the note, it is admissible; but a mere indorsement by the holder himself without the knowledge or consent of the payor, or other proof that the payment was then made, is not admissible if the note would be barred, by the statute but for the credit indorsed; otherwise the holder of a note would have no difficulty in avoiding the bar of the statute." [Briscoe, Admr., v. Huff, 75 Mo. App. 288; Crow v. Crow, 124 Mo. App. 120; Phillips v. Mahan, 52 Mo. App. 197; Haver v. Schwyhart, 39 Mo. App. 303; 48 Mo. App. 50; Loewer v. Haug, 20 Mo. App. 163; Smith v. Zimmerman, 51 Mo. App. 519.] The testimony under consideration was utterly barren of probative value. The witness was not present when the alleged payment was made and admitted, in effect, that he had no knowledge of the transaction except from hearsay sources. No importance should be attached to his observation "I have several ways of knowing that." The only way he disclosed was that of hearsay information from his father which was clearly incompetent. If he possessed evidentiary knowledge, plaintiff's counsel should have asked some question to bring it out. They did not choose to do this, and we have no reason to infer that a further examination of the witness would have been more productive of results than that appearing in the record before us.

Plaintiff introduced the probate judge as a witness and asked him: "Q. I will get you to state if during that year (1906) T. J. Brown presented a claim against the Brody heirs?" Objection by defendant. Sustained. "Q. I will get you to state whether or not the Brody heirs, Mr. Craig Brody and Mr. White, admitted in your court that Mr. Brody had paid Dr. Brown one hundred dollars?" Objection by defendant. Sustained. Witness then was excused. We do not agree with the contention of plaintiff that the court should have permitted the witness to answer the question. It clearly appears to be objectionable on several grounds, only

one of which needs be noticed. It is the sole province of the jury to draw inferences and conclusions from facts and circumstances. Witnesses other than those called as experts should be confined to the narration of facts. While it is not error to permit a witness testifying to declarations and admissions to give the substance of what he heard, it is error to ask him to state the inferences of conclusions he drew from what he heard. To permit him thus to testify would invest him with a function belonging exclusively to the triers of fact. The witness should have been asked to state either the exact words or, at least, the substance of what the heirs said and from those statements it was for the jury to determine whether or not the heirs admitted the fact that their ancestor had made the payment on the note indicated by the indorsement. We do not think there is any merit in the point that the objection to the question was not sufficiently specific. The question was so obviously incompetent that a general form of objection was sufficient to invoke a ruling from the court. A party will not be permitted to lay an ambuscade for his opponent or the court under a general objection to a question, and spring it on motion for a new trial or in the appellate court. But where an objection manifestly discloses all of its grounds, its full office is accomplished and its form is of no consequence.

Further, paintiff offered in evidence a check for $140 drawn by a firm of mule dealers in May, 1898, in favor of Brody, and indorsed in blank by the payee. No offer was made to show any connection between this check and the alleged credit on the note and the court sustained defendant's objection to its admission in evidence. Where a party offers evidence to prove a fact which appears to be a link in a chain of proof, the evidence should be admitted "although at the time no disclosure is made by counsel of an intention to prove

Brown v. Carson.

additional facts necessary to establish the claim or defense." [Platte Co. v. Marshall, 10 Mo. 346; Lane v. Kingsbury, 11 Mo. 410; Budd v. Hoffheimer, 52 Mo. 305.] But this rule has no application to evidence which bears on its face no appearance of evidentiary relationship to any ultimate fact in the case. There was no more apparent connection between the fact that Brody received payment for two mules he sold on the market and the endorsement of the credit on the note held by Mr. Brown than there would have been between the latter act and the fact that Brody received money from any other quarter. Presumably, he enjoyed an income either from his industry or property, but that does not indicate that he voluntarily revived an outlawed note by making a payment on it. Plaintiff should have offered to show that the fact under consideration was "a link in a chain of proof," since the fact itself carried no such appearance.

No other evidence was offered by plaintiff and we do not perceive how the court well could have done otherwise than to direct a verdict for defendant.

One of the grounds stated in the motion for a new trial is that of newly discovered evidence. We find plaintiff was not entitled to a new trial on this ground because of a lack of diligence. There is no error in the record and it follows that the judgment must be affirmed.

All concur.