CHARLES SMITH, Administrator, Plaintiff and Appellant, v. T. M. BRINKLEY, Administrator, Defendant and Appellant.

Kansas City Court of Appeals, December 5, 1910.

1. **PROBATE COURT: Allowance of Claims:** Where the record fails to show what items of an account the court allowed, and what items were rejected, the finding of the trial court will not be disturbed, unless there was reversible error committed in the admission of testimony properly preserved.

2. **BILLS AND NOTES: Payments Endorsed.** Where a payment is made on a note and the amount endorsed on the note in the handwriting of the payee, there is a presumption of law that the credit was genuine, there being no evidence to the contrary.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*E. R. Stephens* and *A. W. Mullins* for plaintiff appellant.

*Bresnehen & West* for defendant appellant.

BROADDUS, P. J.—This is a suit in the probate court of Linn county by William Smith against the estate of Rebecca Smith, deceased, where it was tried and judgment rendered in favor of the plaintiff from which the defendant appealed. A change of venue was taken to Macon county, and tried, from the judgment there rendered both parties appealed.

The account filed in the probate court by William Smith is as follows: "Estate of Rebecca Smith, Deceased.

To William Smith, Dr.

| | Dolls. | Cts. |
|---|---|---|
| 1897. | | |
| Dec. 1. To amount due on settlement .... | 777 | 31 |
| Nov. 1, 1898. To amount paid Hannah Wilson for said Rebecca Smith, deceased, at her request ........................ | 100 | 00 |
| Jan. 10, 1899. To amount paid Hannah Wilson for said Rebecca Smith, deceased, at her request ........................ | 20 | 00 |
| Jan. 1, 1900. To amount at her request interest paid to————for Rebecca Smith, deceased, on loan ............. | 100 | 00 |
| Jan. 1, 1901. To amount interest paid to————for Rebecca Smith (deceased) on loan, at her request ............. | 100 | 00 |
| Aug. 1, 1901. To amount paid for Rebecca Smith (deceased) for medical services to J. W. Mason, M. D., at her request.. | 18 | 00 |
| Oct. —, 1901. To amount paid to———— for burial expenses of Rebecca Smith, deceased ........................... | 120 | 00 |
| To amount paid for monument for Rebecca Smith, deceased ..................... | 40 | 00 |

To promissory note of Rebecca Smith, deceased, as follows: "St. Catherine, March 1, 1885. Five years after date I promise to pay to William Smith or order the sum of Nine Hundred Dollars. Value received, with 8 per cent interest from date."

"REBECCA SMITH."

"On Dec. 24, 1899, Rebecca Smith paid on said note the sum of thirty dollars which sum is indorsed as a credit on said note, and the remainder of said note and the interest thereon, are yet due the said William Smith in the sum of $—— which note is hereto attached."

As William was the administrator of the estate of Rebecca, an administrator *pendente lite* was appointed to the probate court to defend against the

claim.  Before the last trial William also died, and the proceedings were from that time conducted in the name of his son, Charles Smith as administrator.  The court found for plaintiff in the sum of $408.82.  From the record we are unable to determine the items in plaintiff's account the court sustained or rejected, except as to two; viz.: The first for $777.31, and the last for the amount of the note for $900, which were not allowed.  Necessarily we will confine our attention to these two items.

Rebecca Smith died intestate in the month of October, 1901.  William qualified as her administrator soon thereafter.  The demand of $777.31 was rejected by the court.  We presume for the reason that it was not sustained by satisfactory proof, and no satisfactory reason is shown why such finding was not proper in every respect.  But the plaintiff insists that the action of the court in refusing the second demand was error.  The note was due March 1, 1890, and the maker, Rebecca, died October, 1901, more than ten years thereafter.  There was a credit of thirty dollars endorsed on the note in the hand writing of William, the payee, dated December 24, 1899.  If a payment had been made on the note at the time, the Statute of Limitations on which defendants rely as a bar did not apply.

Charles the administrator testified in a vague and indefinite manner in reference to a payment on said note, but was unable to state the date when paid, nor the amount paid.  His testimony could have but little or no probative force.  Plaintiff, however, insists that his evidence taken in connection with the fact that the credit was in the handwriting of the payee, the presumption of the law is that the credit was genuine; and that such presumption exists independent of the aid of any other corroborative evidence.  And it has been so held.  It is said: ''If there is no evidence to the contrary, the presumption is that the indorsement was

made at the time it purports to bear date; and the burden of proving the date to be false lies on the other party." This quotation from Greenleaf on Evidence, sections 121-122, was approved and applied in Carter v. Carter, 44 Mo. 195. "The general rule is that an indorsement of payment on a promissory note is presumed to have been made at the time it bears date." [Smith v. Ferry, 69 Mo. 142.]

The ruling in Carter v. Carter has not been followed in this state except in Smith v. Ferry, supra. In Goddard v. Williamson's Admr., 72 Mo. 131, it is held, that, when it is shown the payment was made at a time when it was against his interest to make it, or that it was made by or with the consent of the payor, they will be admissible, but not if made by the holder himself without the knowledge or consent of the payor and there is no proof that the payment was then made. And so it is held in Crow v. Crow, 124 Mo. App. 120; Gardener v. Early, 78 Mo. App. 346; Briscoe v. Huff, 75 Mo. App. 288.

The defendant on his appeal admits that the judgment in plaintiff's favor for the items of $120 burial expenses and $18 doctor's bill was proper, but claims that the judgment for $100 interest alleged to have been paid by William for Rebecca Smith, January 1, 1900, and for a like sum paid for her January 1, 1901, was improper. There was some evidence given by Hannah Wilson, a daughter of Rebecca Smith, that these amounts were advanced by William Smith at the request of Rebecca as payments of a certain note, and Charles and Herbert Smith testified to the same effect. It was made to appear that the note in question was secured by a mortgage on certain land belonging to William and Rebecca; and the evidence tended to show that Rebecca had paid for her interest in the land and therefore owed no part of the debt, but that it was the debt of William. Yet at the same time,

these payments were made on some kind of settlement of the matter at each interest-paying date.

The matter is somewhat obscure as presented in the record, for which reason we feel that we ought to defer to the finding of the court, unless the court committed error in admitting the testimony of Charles and Herbert Smith, the sons of William, over defendant's objections. The question involves a construction of the statute regulating the competency of witnesses. That part which has application to the question reads: "That in actions where one of the original parties to the contract or cause of action in issue is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him, and no party to such suit or proceeding whose right of action or defense is derived to him from one who is, or if living would be, subject to the foregoing disqualification, shall be admitted to testify in his own favor, except as in this section provided."

The defendants to sustain their objection to the testimony of the said Charles and Herbert Smith rely on certain decisions of the Supreme and Appellate courts of the state. In Messimer v. McCray, 113 Mo. 382, it is held that: "Where a grantor in a conveyance is dead, neither the grantee nor his heirs who derive title from him can testify as to the loss or contents of the deed in an action brought by the alleged grantor's heir for the premises." It will be seen that the witnesses were held incompetent by reason of the fact that they were parties to the contract and cause of action in issue. And it is so held in Rice v. Shipley, 159 Mo. 399; Meier v. Thieman, 90 Mo. App. 433; Warfield v. Hume, 91 Mo. App. 541. And so it was held in Tucker v. Gentry, 93 Mo. App. 655; but by inadvertence it was said that: "The plaintiff was incompetent by reason of the fact that he was an heir

at law of the deceased Tucker.'' And the later and many of the former decisions are to the effect that the interest of a party to a suit does not disqualify him as a witness, and that the statute in question was enacted to do away with the rule of the common law disqualifying a witness on account of his interest, and rendering him competent in such cases. [Jackson v. Smith, 139 Mo. App. 691; Weiermueller v. Scullin, 203 Mo. 466.]

The sons of William Smith, whose competency as witnesses is questioned, were not parties to the transaction or cause of action at issue, but are interested parties, and as such, were disqualified by the common law, but are qualified by reason of the statute. And it is also said that in order to disqualify a witness he must not only be a party to the contract or cause of action in issue, but also to the suit. [Jackson v. Smith, supra; Looker v. Davis, 47 Mo. 140; Reed v. Painter, 145 Mo. 341.]

There is also a fatal objection to the defendant's appeal. The record nowhere shows the items in plaintiff's account the court allowed. The finding and judgment are for the lump sum of $408.82. The only reference we find to the finding of the court on any particular item is in defendant's motion for a new trial, which amounts to an ex parte statement as to a fact not shown by the record. This is not sufficient. Affirmed as to both appeals: All concur.