MARTIN L. FRY, Appellant, v. J. F. SMITH, Respondent.

**Kansas City Court of Appeals, January 9, 1912.**

1. **BILL AND NOTES: Statute of Limitations.** Plaintiff sued, March 25, 1910, on a promissory note dated January 21, 1899, payable one day after date, with payments endorsed thereon August 9, 1899, September 28, 1899, and May 21, 1900. The .Statute of Limitations was pleaded in bar. *Held*, that the burden was on plaintiff to produce proof of the last payment by evidence *aliunde* an endorsement of such payment on the note itself, and as no such evidence was produced, the trial court properly directed a verdict for defendant.

2. ———: ———. An endorsement on a note by the payee of a payment made after the note by its terms is barred by the statute, is a self-serving act which standing alone is of insufficient probative strength to carry to the jury the issue of whether or not such payment, in fact, was made.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*Martin L. Fry, pro se.*

*DeWitt C. Chastain* for respondent.

JOHNSON, J.—This is a suit on a negotiable promissory note begun in the circuit court March 25, 1910. The answer admitted the execution of the note, denied the other allegations of the petition and averred that the note was barred by the Statute of Limita-

tions. In obedience to a peremptory instruction the jury returned a verdict for defendant and plaintiff appealed from a judgment rendered on that verdict.

The note was executed and delivered by defendant January 31, 1899, to Robert Matteson as payee and plaintiff claims that he purchased it December 17, 1909, on which date it was indorsed and delivered to him by the payee. By the terms of the note the maker promised to pay to the order of the payee one day after date the sum of $312, with interest at the rate of eight per cent per annum. The petition alleges that payments were made and indorsed on the back of the note as follows: August 9, 1899, $25; September 28, 1899, $5, and May 21, 1900, $35. As this suit was not commenced until March 25, 1910, it is clear the Statute of Limitations had run against the note unless the evidence contains proof of the last one of the alleged payments. The burden was on plaintiff to produce proof that payment by evidence *aliunde* an indorsement of such payment on the note itself. An indorsement on the note by the payee of a payment made after the note by its terms is barred by the statute, is a self-serving act which, standing alone, is of sufficient probative strength to carry to the jury the issue of whether or not such payment, in fact, was made. [Brown v. Carson, 132 Mo. App. 371; Goddard v. Williamson's Admr., 72 Mo. l. c. 133; Briscoe v. Huff, 75 Mo. App. 288; Smith v. Brinkley, 151 Mo. l. c. 497.] The only evidence offered by plaintiff was his own testimony to the effect that on June 8, 1909, he presented the note to defendant who "took it in his hand and examined the face and turned it over and examined the back and admitted the justness of the note, that it was all right—made no objection whatever." Plaintiff did not state that the alleged payment was indorsed on the note at the time he exhibited it to defendant nor did he offer the indorsement in evidence. Consequently there is nothing to show that the admission of

defendant on which plaintiff relies included the fact of the payment in question.  Nor can the admission, which was not in writing, be regarded as an acknowledgment of the debt sufficient to take it out of the statute.  To be effective the statute requires such acknowledgment to be in writing.  [Section 1909, Revised Statutes 1909; Chidsey v. Powell, 91 Mo. 622.]

Plaintiff completely failed to discharge his burden of proof and the learned trial judge properly directed a verdict for defendant.

The judgment is affirmed.  All concur.