J. W. RAY, Administrator of the Estate of W. F. STEELE, Appellant, v. M. C. McCONNELL, Respondent.

### Springfield Court of Appeals, April 14, 1914.

1. **PROMISSORY NOTES: Statute of Limitations: Part Payment.** Indorsements on a note do not prove themselves and the mere production of the note, otherwise barred by limitation, with credits endorsed thereon under dates which apparently revive or prolong the life of the note until after the time suit is brought, will not, without further proof, make a prima-facie case and remove the bar of limitations.

2. —————: **Removal of the Bar of the Statute of Limitations: Partial Payments: When Sufficient.** Although a part payment on a note removes the effect of the Statute of Limitations, yet, where one relies for proof of such payment on an indorsement on the note, there must also be proof that the indorsement was made either by or for the holder of the note or with the knowledge and consent of the maker and if made by or for the holder, that it was actually placed on the note at a time when it was against the interest of such holder to make it, that is while the note was yet alive.

3. —————: —————: —————: **Evidence Reviewed.** Evidence examined and considered sufficient to establish a prima-facie case for the jury of partial payments on a promissory note, sufficient to remove the bar of the Statute of Limitations.

Appeal from Greene County Circuit Court.—*Hon. Arch A. Johnson,* Judge.

REVERSED AND REMANDED.

*Barrett & Moore* and *Gideon & West* for appellant.

(1) The law is, that it is necessary in order to remove the bar of the statute to show, either by proof that the credit was actually made by the owner of the note, or by his direction at a time when the note was not barred, or by more direct evidence that the judgment was by the maker at such time. If it be shown that the

credit was endorsed on the note by the holder at a time
when it was not barred, and consequently was against
his interest to have made it, this furnishes prima-facie
evidence that the payment was made at the time, and in
absence of a showing to the contrary the note will not
be barred.   Berryman v. Becker, 158 S. W. 899-901;
Haver v. Schwyhart, 39 Mo. App. 303; Berryman et al.
v. Becker et al., 150 S. W. 901.

*J. T. White* and *Roscoe Patterson* for respondent.

(1)   The endorsements on the notes did not prove
themselves and the evidence is insufficient to show that
payments were made on the dates of said endorsements
or that they were made with the consent of the payor.
It does not show that such endorsements of credits were
made at the dates they purported to have been made.
Crow v. Crow, 124 Mo. App. 120; Berryman v. Becker,
158 S. W. 899; Gardener v. Early, 78 Mo. App. 346;
Haver v. Schwyhart, 39 Mo. App. 303; Briscoe v. Huff,
75 Mo. App. 288; Goddard v. Williamson, 72 Mo. 131;
Smith v. Brinkley, 151 Mo. App. 494; Brown v. Carson,
132 Mo. App. 371; Freeze v. Lockhard, 87 Mo. App. 102
(2)   All these authorities are to the effect that in order
to rescue the notes from the bar of the statute by reason
of credits, it must be shown either that payments were
actually made on the note, or that the credits were en-
tered upon the note with the consent of the maker or
else were entered upon the note at a time when it was
against the interest of the payee to make them, and
when they purport to have been made.

STURGIS, J.,—This is a suit on two promissory
notes for one hundred and fifty dollars ($150), each,
signed by defendants and payable to plaintiff's in-
testate. The notes are dated May 7, 1888, payable one
day after date.   The suit was commenced on July 14,

1913, and the defense is the Statute of Limitations. The plaintiff relies on certain payments endorsed on the notes as being sufficient to take the case out of such statute. On one of the notes the following payments appear endorsed thereon: August 27, 1896, $15; July 9, 1897, $18; May 12, 1902, $25; March 1, 1904, $25; December 21, 1904, $25. On the other note the following payments are endorsed: November 14, 1896, $10; June 2, 1900, $100; September 6, 1900, $50; June 1, 1901, $50; March 1, 1907, $10; August 6, 1910, $15.50. Each of these payments is evidenced by an endorsed receipt on the back of the notes bearing the dates as above stated.

These endorsements were proven to have been made by W. F. Steele, deceased, the payee and owner of the notes, and are in his handwriting. No actual payments are proven to have been made and the question for decision is whether there is sufficient evidence showing when the endorsements were actually placed on the notes to make a prima-facie case for plaintiff and thereby take the case to the jury. The trial court, after plaintiff's evidence was in, directed a verdict for the defendants.

The defendants correctly contend that endorsements on a note do not prove themselves and the mere production of the note, otherwise barred by limitation, with credits endorsed thereon under dates which apparently revive or prolong the life of the note until after the time suit is brought will not without further proof make a prima-facie case. Such has been the law of this State since the decision of Goddard v. Williamson, 72 Mo. 131. [See Smith v. Brinkley, 151 Mo. App. 494, 132 S. W. 301.]

It is the acknowledgment by the maker that the note evidences an existing and yet unpaid debt that breathes life into it if already dead or prolongs its life for the statutory period from the date of the acknowledgment. A partial payment thereon is such an acknowledgment. [Haver v. Schwyhart, 48 Mo. App. 50.]

When there is no proof of an actual payment other than an endorsement of the same on the note, then proof of two other essential facts must be made, to-wit: (1) That the endorsement of the payment was made either by or for the holder of the note or with the knowledge and consent of the maker; (2) if made by or for the holder, that the endorsement was actually placed on the note at a time when it was against the interest of such holder to make it, i. e., while the note was yet alive. It is the fact that the endorsed payment is an admission against interest that gives it its probative force and, of course, if made by the holder after the bar of the statute is complete, it would not be against interest. The holder of a deed note could well forgive part of it in order to collect the balance. Such is our ruling in the recent case of Berrymen v. Becker, 173 Mo. App. 346, 158 S. W. 899, and in this we follow Haver v. Schwyart, 39 Mo. App. 303; Crow v. Crow, 124 Mo. App. 120, 128, 100 S. W. 1123; Briscoe v. Huff, 75 Mo. App. 288, 290; Brown v. Carson, 132 Mo. App. 371, 111 S. W. 1181; Goddard v. Williamson, 72 Mo. 131, 133.

In some of the above cases the court speaks of proof of *payment* being made when obviously it is speaking of proof of the *endorsement* of payment being made, which, as we have seen, when shown to have been made by the holder at a time when against his interest, becomes evidence of payment being made at such time. So, also, there are expressions used to the effect that the proof must show that the endorsement of the credit was made "at the time it purports to have been made," but obviously such expressions are merely incidental to the particular case or the word time, as there used, has reference to the whole period coextensive with "against interest." If, for instance, an endorsed payment purports by its date to have been made two or three years prior to the time the note would otherwise be barred, it would obviously be sufficient to prove that such endorsement was actually on the note one year before

such time. So, in the present case, the first credit on each of the notes sued on is dated in 1896, the one on August 27th, the other November 14th, considerably more than a year prior to the end of the limitation period of ten years from the notes' date. A witness testified that she calculated the interest on these notes in 1896, and these endorsements were then on said notes. Had she testified that she saw the notes in 1897 and the endorsements of these payments were at that time on the same, this would certainly have been sufficient, as the proof would have shown an endorsement made by the holder on the notes at a time when it was against his interest.

We think also that when an endorsed payment bears a date which is in time to toll the Statute of Limitations, the note being yet alive, then, as it would be still further against the interest of the payee to have given it a date earlier than the actual payment evidenced by it, it will be further presumed that the payment was made, if at all, on the date of the endorsement. We, therefore, hold, and this proposition is not seriously contested, that there was sufficient proof that the first endorsement of payment on each of the notes, being in the hands of the payee, were actually placed by him on the notes at a time when against his interest and, therefore, make a prima-facie case of actual payments at such times.

This, without more, would extend the life of each note for a period of ten years after the dates of the respective payments on each, to-wit, to August 27, 1906, on one note, and to November 14, 1906, on the other; and would make any later endorsements of payments, if shown to have been actually made before such dates, prima-facie evidence of payments on the dates they purport. This suit was commenced on July 14, 1913, and unless it was shown prima facie that some payment was made on each of such notes within ten years before such date, to-wit, after July 14, 1903, then such

notes are barred by the statute, notwithstanding any prior payments thereon. There are two endorsed payments upon each note answering this description. If the endorsements of these subsequent payments are alone relied on as prima-facie evidence of such payments, then it must be shown that the payee of the notes made such endorsements at a time when the notes were not barred, to-wit, within ten years after the last proved endorsements. In other words, to make a prima-facie case even, there must be some evidence other than what is shown by the endorsements themselves that such endorsements were entered on the notes after July 14, 1903, and within ten years after a previous proved endorsement.

Was there any evidence adduced sufficient to take this question to the jury? We think there was. The daughter of plaintiff's intestate testified that she had lived with and near her father during all these years; aided him in looking after his business, and always calculated for him the interest on these notes, they being handed to her for that purpose. She testified that she figured the interest frequently; that she figured the interest in 1896, and only one payment was on each note at that time; when her father wanted a settlement out of defendants he would have her figure the interest, so he would know what the interest was before he went to them for it; she could not remember the dates she saw the other endorsements but remembered figuring the interest all along as they were put on; she said they were put on about the times of those dates; she could tell by looking on the notes but could not remember the dates; she remembered they were along there as she figured the interest; they were on there one after another about the times of the dates that are there. On cross-examination she said: I can't remember the dates, only remember along as I figured interest, these credits were there, because I figured it every once in a while, sometimes once, sometimes twice a year; I can

remember there were credits one after another on there, because I figured it ever since there was a credit on those notes.

We think this evidence and the reasonable inferences to be drawn therefrom by the jury sufficient to make a prima-facie case to go to the jury under the law as above stated. The case is therefore reversed and remanded for new trial.

*Robertson, P. J.,* concurs. *Farrington, J.,* concurs.