MAGDALINE C. JOHNSTON v. JOSEPHINE G. RAGAN et al., Appellants.

In Banc, June 29, 1915.

1. **APPEAL: Abstract: Signed by Succeeding Judge: Imports Verity.** Where the statute requires that if a judge who heard the cause shall go out of office before signing the bill of exceptions, "such bill, if . . . shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard," a recital in the abstract that the bill was tendered to the succeeding judge in open court and was by him "signed and ordered to be made a part of the record therein," imports verity, and is not overcome by an unsupported motion to dismiss the appeal; and from such recital, in the absence of anything to the contrary of sufficient force to impeach the record, it will be presumed that before the bill was signed by the judge he satisfied himself that it was correct.

2. ———: ———: **Documentary Evidence.** Exhibits and other documentary evidence, called for in the original bill of exceptions and correctly set forth in the abstract or full transcript, will not be stricken out for the mere reason that they were not deposited with the clerk of the trial court. Section 2083, Revised Statutes 1909, amended in 1903, Laws 1903, p. 105, declaring that "any written or printed matter offered in evidence

upon the trial and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court" may be considered on appeal, is not exclusive, but should receive a rational construction; if given an arbitrary one, private documents used at the trial often could not be preserved for consideration on appeal without a violation of the constitutional rights of their owners.

3. **TRIAL: Authority of Other Than Regular Judge.** Under the statute (Sec. 3977, R. S. 1909) whenever a judge of any division of the circuit court of Jackson county is sick or absent or for any cause is unable to hold any term or part of a term of court, such term or part of the term, may, by request of the judge of such division, be held by a judge of any other division; and record recitals that the regular judge of the division was absent and unable to attend court and had requested the judge of another division to hold court in his stead, and that said judge appeared, tried the cause, rendered judgment, etc., reveal sufficient authority of the judge called in, to try the cause.

4. ———: ———: **Nunc Pro Tunc Entries: Correcting Bill of Exceptions.** After an appeal has been taken from the judgment, a circuit court retains sufficient power over its own records to authorize it by a *nunc pro tunc* order to correct a bill of exceptions to the extent that it may speak the truth. Where there is ample record evidence from which the record could be amended to show the truth, namely, that the regular judge of a division of the circuit court of Jackson county was absent, that he requested the judge of another division to hold a part of a term for him, that such other judge appeared and tried the cause, rendered judgment, overruled the motion for a new trial and allowed the appeal, the record may be amended after the appeal has been taken so as to show those things, and thereby to demonstrate that the said judge had authority to try the cause.

5. ———: ———: ———: **Abstract: Additional by Respondent.** Where appellant, though necessarily knowing that the judge of another division who was called in by the regular judge had authority to try the case, omits from his abstract the record recitals showing such authority, respondent may file an additional abstract showing such recitals, and such additional abstract will become as much a part of the original abstract filed by appellant as if incorporated therein.

6. ———: ———: **Absence of Judge: Abstract.** It will not be assumed that the regular judge was not absent during the trial before the judge of another division called in by request to try the case, if the abstract contains nothing to support the contention.

7. ———: ———: ———: ———: **Separate Certificate of Clerk.** A separate certificate of the clerk of the trial court, showing two orders of adjournment signed by the regular judge, during the trial before a judge of another division who had been called in to hold a part of the term, cannot, under Sec. 2048, R. S. 1909, be considered. Nor is there any statute or rule requiring the respondent to include such orders in his additional abstract.

8. **APPEAL: Abstract: Piecemeal: Supplying Omissions.** An abstract of the trial record cannot be made up by piecemeal; nor will the clerk's certificate of record entries by which it is attempted to supplement the bill of exceptions and to incorporate therein an alleged error which is purely an afterthought, to which no exception was saved during the trial, and which is no part of the appeal, be considered by the appellate court.

9. **TRIAL: Power to Call in Another Judge: From Same Circuit.** Under section 29 of article 6 of the Constitution declaring that "in any case where the judge cannot preside, the General Assembly shall make such additional provisions for holding court as may be found necessary," the Legislature had authority to enact a statute authorizing the judge of one division of the circuit court of Jackson county to call in the judge of another division to hold court in his absence or sickness. The legislative power was not restricted to calling in a judge from another circuit.

10. ———: **Absence of Judge: Sufficient Recital.** A record recital which states as the reason for the calling in of a judge of another division of the circuit court of the county to try the case "the absence and inability" of the regular judge "to attend and try the case" states a sufficient reason for calling in such judge.

11. ———: **Abstract: Amendment so as to Show Title.** Where appellants did not submit the bill of exceptions to respondent's counsel for approval before it was signed by the judge, and they did not know until after the abstract was printed that it did not contain the deed of trust made by the common source of title and the foreclosure sale thereunder, the trustee's deed to respondent, and the other evidence showing title in her, it was in the interest of justice and right for the trial court to amend the bill of exceptions so as to make it show these things, and then for respondent's counsel to incorporate them in an additional abstract.

12. **LIMITATIONS: Notes: Pleading: Burden.** In a suit to quiet title in which plaintiff depends upon a foreclosure sale and trustee's deed under a deed of trust, the defense that the notes were barred by the Statute of Limitations, being a special plea,

is available only by an affirmative answer setting up the statute; and having been pleaded, the burden rests upon defendant to prove that the cause of action did not accrue within the time prescribed by the statute.

13. ———: ———: **Tolled by Payments.** Indorsements before they are barred, of payments upon. notes, on their face barred by the Statute of Limitations at the time the deed of trust given to secure them was foreclosed, and proof that such indorsements were in the handwriting of the maker, and oral proof that they were intended to apply and were applied as credits, will save the notes and the deed of trust from the operation of the statute.

14. ———: ———: **Deed of Trust.** If the notes to secure whose payment the deed of trust was executed are not barred by limitations neither is the deed of trust.

15. ———: ———: **Pleading: General Denial.** A general denial by reply to defendant's answer pleading the Statute of Limitations as a defense to notes which on their .face are barred is sufficient to make admissible proof that the running of the statute was interrupted by the indorsement of payments thereon before they were barred and that said indorsements were intended to be and were applied as credits thereon. [Distinguishing Keeton v. Keeton, 20 Mo. 530, decided prior to adoption of Code in 1849, and subsequent cases in which that is incidentally referred to with approval.]

16. ———: **Mortgage: Partition Before Foreclosure Sale: Title of Coparceners.** Lands were partitioned during the life of a deed of trust and a judgment entered dividing the lands in kind between certain coparceners and affirming title in them, and afterwards their title was conveyed to the mortgagor, the common source, who remained in open possession for sixteen years, and then conveyed to defendants. Upon the foreclosure of the deed of trust, the mortgagee, who was not a party to the partition suit, became the purchaser and received the trustee's deed. *Held,* that the mortgagee, and not the defendants, has the title.

17. **INSTRUCTIONS: General Assignment.** A general assignment that the trial court committed error in giving certain instructions, with no definite statement as to wherein they were erroneous, does not authorize the appellate court or require respondent's counsel to analyse by comparison and contrast all the declarations to ascertain in what particular appellant claims error was committed.

Appeal from Jackson Circuit Court.—*Hon. R. B. Middlebrook* and *Hon. W. A. Powell,* Judges.

AFFIRMED.

*William C. Forsee* for appellants.

(1) Judge Park was without power to hear the case. (a) The suit was filed at Independence, where Judge Powell presided. The record does not show that Judge Powell was "sick, absent or from any cause" was unable or disqualified to try the case. On the contrary, the record shows that he was present and holding court. Judge Park was, therefore, without power to hear the evidence, or to take any other step in the case. R. S. 1909, secs. 3960, 3967, 1927, 1928; Laws 1905, p. 123, sec. 7; Laws 1907, p. 202, sec. 5, and p. 203, sec. 1; Ladd v. Forsee, 163 Mo. 509; Bank v. Graham, 147 Mo. 250. (b) In Jackson county, as in St. Louis, each judge, after a case has been assigned to him, is, as to that case, the sole judge of the court. Two of the judges cannot at the same time or place hold the court, nor can two of them try the same case. Here the record entries show that Judge Park heard the evidence, and Judge Powell rendered the judgment. R. S. 1909, chap. 35, art. 8; Haehl v. Railroad, 119 Mo. 337; State ex rel. v. Eggers, 152 Mo. 487; Goddard v. Delaney, 181 Mo. 581; Vaullaire v. Vaullaire, 45 Mo. 602; Telford v. Ramsey, 43 Mo. 417. (2) There is no evidence whatever in the record to show that respondent had any right, title, interest or estate to the land in question. The court should, therefore, have sustained appellants' demurrers to the evidence. (3) Respondent failed to plead payment, new promise, etc. (a) The notes described in the deed of trust to Witten, and the deed of trust itself were, ten years after its date prima-facie barred by the statute. Appellants pleaded the

ten year Statute of Limitation. If payments had been made, or if anything else had accrued which in effect avoided the statute, it devolved upon respondent to plead it by reply. R. S. 1909, sec. 1809; Wood on Lim. (1 Ed.), secs. 7, 81; 25 Cyc. 1415, 1416, 1419, 1420, 1422; Sanders v. Chartrain, 158 Mo. 361; Zoll v. Carnahan, 83 Mo. 41; Moore v. Granby, 80 Mo. 91; Ferguson v. Dalton, 158 Mo. 323; Rivers v. Blom, 163 Mo. 448; Young v. Glasscock, 79 Mo. 576; Stevenson v. Smith, 189 Mo. 466; Cunningham v. Rausch, 157 Mo. 341; Hunt v. Searcy, 167 Mo. 184; Campbell v. Laclede Co., 84 Mo. 375. (b) The notes and deed of trust showed upon their face that they were barred on May 10, 1905. Respondent by failing to plead in reply such facts as tolled the statute, confessed the bar. Capen v. Goodrow, 51 Vt. 106; Jessup v. Effing, 66 Ga. 334; Davis v. Davis, 98 Me. 135; Diehlman v. Bank, 8 S. D. 263; 25 Cyc. 1425. (c) "Where the cause of action is prima facie barred by limitations, the burden is not on defendant, even though he pleads the facts on which the bar is sought to be established." 25 Cyc. 1426, 1428; 8 Ency. Ev., pp. 320, 321, 322, 324; Easter v. Easter, 44 Kan. 151. (4) The indorsements on the Ragan notes were not admissible until it was first shown on what date they were made, and that on said dates payments were actually made. R. S. 1899, sec. 4294; R. S. 1909, sec. 1909; Goddard v. Williamson's Admr., 72 Mo. 131; Haber, Admr., v. Schwyhart, 39 Mo. App. 303; Briscoe v. Huff, 75 Mo. App. 290; Gardner v. Early, 78 Mo. App. 350; Hernden v. Lewis, 175 Mo. 116; Elsea v. Pryor, 87 Mo. App. 157. (b) Even if Ragan in person made the endorsements, they were not for *that* reason admissible. They were neither an "acknowledgment" of, nor a "promise" to pay the debt, nor were they "subscribed by the party chargeable thereby." R. S. 1889, sec. 4294; Wood on Lim. (1 Ed.), secs. 94, 92; Bayley v. Ashton, 12 Ad. and E. 493; Hyde v. Johnson, 2 Bing. (N. C.) 776; Woodridge v. Allen, 12 Metc. 470;

Palmer v. Butler, 36 Iowa, 576; Wells v. Hargrove, 117 Mo. 563; Chambers v. Rubey, 47 Mo. 99; Kirkbride v. Gash, 34 Mo. App. 256; Mastin v. Branham, 86 Mo. 640. (c) Exhibit 20 was neither an "acknowledgment" of the debt, nor a "promise" to pay it. Monroe v. Herington, 110 Mo. App. 516; Corbin v. Brockmeyer, 84 Mo. App. 653. (d) An alleged waiver of the statute must be pleaded as any other estoppel. 25 Cyc. 1416. (e) There being no plea of any facts tolling the statutes, no evidence of such facts was admissible, and the court erred.

*R. H. Field* for respondent.

(1) Appellants having been notified of respondent's motion to amend their bill of exceptions, and having appeared thereto and saved no exception to the order amending their bill of exceptions, it must be presumed that the court then properly ordered inserted, in appellants' bill of exceptions the deed from Witten, trustee, to respondent, as having been offered in evidence at the trial of this cause. Bank v. Allen, 68 Mo. 474; Harlan v. Moore, 132 Mo. 483. The court had a right to so amend appellants' bill of exceptions. R. S. 1909, secs. 1850, 2028. On the stenographer's notes showing said deed was offered in evidence on the trial of this cause, as stated in said order. Ross v. Railroad, 141 Mo. 390; West v. Burney, 71 Mo. App. 271. And also for the other reason stated in the order of the court, to-wit: because appellants' bill of exceptions shows that both appellants and respondent treated the said deed as in evidence in the case, both in the evidence and in the declarations of law asked by them. Hayden v. Alkire Groc. Co., 88 Mo. App. 241; Harding v. Bedoll, 202 Mo. 635; Reed v. Colp, 213 Mo. 584. (2) It therefore follows, if appellants' bill of exceptions, filed June 27, 1910, was lawfully a part of the record, then the said amendment made thereto by the order of

the court, December 27, 1912, became a part of said bill of exceptions, the same as if made, June 27, 1910, the day appellants filed said bill of exceptions. Dorrance v. Dorrance, 242 Mo. 625; Gamble v. Daugherty, 71 Mo. 601. (3) Appellants' willful omission of this deed in their abstracts filed in this court, calls for a firm enforcement of rule 16, and respondent's motion to dismiss the appeal should be sustained. Brand v. Cannon, 118 Mo. 595; Nolans v. Johns, 126 Mo. 167; Eli v. Coontz, 167 Mo. 371. (4) Respondent's filing of an additional abstract of the record, supplying the amendment made to appellants' bill of exceptions omitted in appellants' abstract, should not be held as a waiver of appellants' motion to dismiss the appeal or as an estoppel of respondent to make this motion, because by rule 11, respondent was required to file the additional abstract within a given time or submit to the false condition of the record, thrust upon her by appellants' abstract. Donnell v. Wright, 147 Mo. 648; Bailey v. Kansas City, 189 Mo. 504. (5) Appellants' abstract wholly omitting the record entry of February 21, 1910, appellants cannot complain that the record of that day does not show Judge Park was authorized to hold the court that day. Pullis v. Summerville, 218 Mo. 633. (6) From beginning to end of these proceedings no exception was taken by appellants to Judge Park's acting as the court in this cause and for that reason, his right, as one of the judges of the circuit court of Jackson county, to act as the court in this cause, cannot be questioned by appellants. McCune v. Goodwillie, 204 Mo. 333; Collier v. Lead Co., 208 Mo. 264; Stearns v. Railroad, 94 Mo. 321; Rule 9 of the court. Respondent's abstract of the record sets out the record entry of Judge Powell's absence and inability to attend the court and his request to Judge Park to sit and hold the court in his stead, and Judge Park's holding the court, February 21 and 23, 1910, omitted in appellants' abstract. Judge Park was therefore the law-

fully constituted court at the trial of this cause, at Independence. State ex rel. v. Allen, 235 Mo. 298; State ex rel. v. Williams, 136 Mo. App. 330. But, if the record were silent, as to the reason for Judge Powell's absence and Judge Park's presence as the court, Judge Park being one of the judges of the circuit court, his presence as the court would be presumed rightful and legal. Rigs v. Owen, 120 Mo. 176; State v. Newson, 129 Mo. 154; Gates v. Tusten, 89 Mo. 13; Danwalter v. Railroad, 115 Mo. App. 577; State v. Hunter, 171 Mo. 440. And, Judge Park having lawfully held the court and heard the evidence in this case on February 21 and 23, 1910, as shown by the record entries, he had a right to sit again as the court and to render the finding and judgment in this case, on March 5, 1910, though Judge Powell may also have held the court on that day in other cases. State ex rel v. Williams, 136 Mo. App. 330; State ex rel. v. Allen, 235 Mo. 298. The court had a right and it was its duty to make the *nunc pro tunc* entry. Freeman on Judg., sec. 63; R. S. 1909, secs. 1851, 2120; Turner v. Christie, 50 Mo. 145; Clark v. Railroad, 242 Mo. 570; Buchanan v. Louisiana Purchase Exp., 245 Mo. 337. (7) Respondent was required to show only the better title, to entitle her to the decree adjudging her title to the real estate in controversy, as against appellants. Graton v. Land & Lumber Co., 189 Mo. 322; Charles v. White, 214 Mo. 211; Gage v. Cantwell, 191 Mo. 698. (8) The foreclosure of a deed of trust in or out of court is not barred, though suit on the note may be barred, unless the land be held in adverse possesion against the same, and no adverse possession will be presumed as to the possession of mortgagor and those claiming under him. Choteau v. Burlando, 20 Mo. 482; Booker v. Armstrong, 93 Mo. 49; Atchison v. Pease, 96 Mo. 567; Gardner v. Terry, 99 Mo. 523; Benton Co. v. Czarlinsky, 101 Mo. 275; Chouteau v. Riddle, 110 Mo. 366; Ivy v. Yancy, 129 Mo. 501. Mrs. Johnston's redeeming the lot in

controversy from tax sales on request of Stephen C. Ragan, shows he was not claiming the lot adversely to this mortgage. Eyerman v. Piron, 151 Mo. 107. (9) Respondent was not required to plead Stephen C. Ragan's payments on the notes described in the deed of trust nor to plead his written waiver of the Statute of Limitations on said deed of trust. Spore v. Land Co., 186 Mo. 656. The plea of the Statute of Limitations, alleged in appellant's answers against the deed, dated August 14, 1909, made by Witten, trustee, to respondent, was unnecessary to the issue of the Statute of Limitations on said deed, and being superfluous required no reply from respondent. Jordan v. Busch-meyer, 97 Mo. 94; State ex rel. v. Rau, 93 Mo. 126; Mfg. Co. v. Tinsley, 75 Mo. 458; Jones v. Rush, 156 Mo. 364; State ex rel v. Peterson, 142 Mo. 526; Bolton v. Railroad, 172 Mo. 92. Proof of title by grant, estoppel or adverse possession is admissible under the general allegation of title in the petition or the general denial of that allegation in the answer. Fulkerson v. Mitchell, 82 Mo. 13; Young v. Glascock, 79 Mo. 574; Atchison v. Pease, 96 Mo. 566; Hart v. Steedman, 98 Mo. 452; Coleman v. Drane, 116 Mo. 388; Davis v. Braswell, 185 Mo. 576. Besides, the respondent's reply, expressly denying the especially pleaded bar of the Statute of Limitations alleged in appellant's answer, authorized proof of any fact showing the absence of such bar of the statute. State ex rel v. Peterson, 142 Mo. 526; Bolton v. Railroad, 172 Mo. 92. (10) Proof that S. C. Ragan made the written indorsements of payments on the back of his notes in question was competent evidence as written admission made by him, and creates a presumption that such payments were made by him on the dates he wrote thereon. Gage v. Averill, 57 Mo. App. 111; Carter v. Carter, 44 Mo. 195; Kemble v. Logan, 79 Mo. App. 253. (11) Exhibit No. 20, proven to be in the handwriting of Stephen C. Ragan, dated November 24, 1902, within seven years before the fore-

closure of the deed of trust says: "I hereby waive Statutes of Limitation on mortgage on lot 1, Blue River Park, S. C. Ragan." This was a sufficient acknowledgment of the deed of trust in question. Carr v. Hurlbut, 41 Mo. 263; Chidsey v. Powell, 91 Mo. 622.

WALKER, J.—This is an action brought in the circuit court of Jackson county at Independence in October, 1909, under section 2535, Revised Statutes 1909, to ascertain and determine the title to certain land in said county described in the petition. Upon a trial, before the court, judgment was rendered for the plaintiff, from which the defendants appeal.

Stephen C. Ragan, who died in October, 1908, was the common source of title. The plaintiff was his sister. In 1887 and 1888 she loaned him and another $7200, evidenced by four promissory notes in different amounts and due at different times, the last maturing May 15, 1890. These notes were payable and delivered to plaintiff and were signed by Stephen C. Ragan and his co-maker. To secure their payment Stephen C. Ragan and his wife, Josephine G., one of the defendants here, on May 10, 1895, made and delivered to plaintiff a deed of trust on the land in question, naming therein Thomas A. Witten as trustee. In August, 1909, default having been made in the payment of said notes, the trustee sold the land therein described to satisfy the debt, and the plaintiff became the purchaser for the sum of $2000. The trustee thereupon executed and delivered a deed to the property to the plaintiff, and it is under this conveyance she claims title.

The defendants who are contesting this proceeding are Josephine G. Ragan, the widow of Stephen C., and Greenberry Ragan, one of his sons, and William C. Forsee, counsel for defendants. Several other defendants named in the petition made default. Josephine G. claims title by devise, her husband having bequeathed to her all of his real estate. Greenberry

Ragan and William C. Forsee claim title by *mesne* conveyances from others than Stephen C. Ragan.

There is no controversy concerning the pleadings as such, but it will become necessary to discuss the replication in determining whether error was committed in the admission of certain evidence to avoid the bar of the Statute of Limitations. The petition is in the usual form. The answers of the defendant Josephine G. Ragan, who pleads separately, and Greenberry Ragan and William C. Forsee, who plead jointly, are substantially the same except as later noted. They deny plaintiff's claim of title, assert ownership in fee, and plead that the notes described in the deed of trust, under the foreclosure of which plaintiff claims title, were barred by the Statute of Limitations, and that the trustee Witten's deed to plaintiff under said foreclosure and sale was void and conveyed no title; and that S. C. Ragan did not at any time execute or deliver to plaintiff any of said notes or a deed of trust conveying said lot to Witten as trustee to secure to plaintiff, her heirs or assigns, the payment of any of said alleged notes, and that no sale of said lot was made by said Witten or other trustee under such deed of trust. In addition, the defendants Greenberry Ragan and William C. Forsee claim title under a judgment and sale of said land in partition made in 1886; that all persons under whom plaintiff and these defendants severally claim title to the lot here in controversy were parties to said partition action; that in and by the decree rendered in said cause said land was partitioned in kind and the lot here in controversy was allotted to and the title thereto confirmed in those under whom these defendants claim, and from whom, by proper *mesne* conveyances they derived title; that these defendants by such conveyances acquired and yet hold and own, as such tenants in common, the title in fee to said lot, said Greenberry Ragan being the owner of an

undivided two-thirds thereof, and said Forsee of an undivided one-third thereof.

· Plaintiff's replies denied each of the allegations of the answers, except that she alleged she had acquired and held title to the land in question under the deed made to her by the trustee Witten by reason of the foreclosure of the deed of trust and the sale of said land to satisfy the notes made to her by S. C. Ragan.

I. *Sufficiency of Abstract of Record.*—Motions filed by plaintiff attack the integrity of the abstract of record. These demand disposition before considering the exceptions submitted by the appeal.

The grounds of these motions will be discussed in the order in which they have been pleaded.

The first contention is that the abstract does not show that plaintiff or her attorneys agreed to the bill as true or that the judges who signed same, or either of them, found the bill to be true. This contention is, of course, based upon what is shown by the abstract of the record, which alone is proper matter for our consideration on account of the manner in which the proceedings are brought to this court for review.

The statute upon which this contention is based is as follows:

"In any case where the judge who heard the cause shall go out of office before signing the bill of exceptions, such bill, if agreed to be true by the parties to the action, or their attorneys, or shown to the judge to be correct, shall be signed by the succeeding or acting judge of the court where the case was heard." [Sec. 2032, R. S. 1909.]

The order entered of record of the filing of the bill of exceptions, as shown by the abstract, is as follows:

"Now at this day come defendants (naming them) in open court before Hon. Walter A. Powell, regular

judge of this court at Independence, and Hon. R. B. Middlebrook, successor in office to Hon. John G. Park, late judge of Division One of this court at Kansas City, before whom this case was tried at Independence, said judges sitting together, and tendered to said judges their bill of exceptions herein, which bill of exceptions is by said judges signed, allowed and ordered to be filed, and the same is filed and made a part of the record herein."

The statute above quoted, which authorized the signing of this bill by the succeeding judge, is in the disjunctive, and whether or not it be necessary to the validity of the action of the judge who signs the bill that such bill be "agreed to be true" by the parties to the action or their attorneys, or that it be shown to him to be correct, we must presume, in the absence of anything to the contrary of sufficient force to impeach a record, that before the bill was signed by these judges they satisfied themselves as to its correctness, because the record they have here made was within the limit of their judicial power and imports verity, for not only does it appear in the abstract filed by defendants, but in the additional abstract filed by plaintiff, that the bill "was tendered in open court and was by said judges signed and ordered to be made a part of the record therein." This is all, under any reasonable construction of the statute, that can be required. It is true that so far as the requirements of the statute are concerned it is not necessary that this bill should have been signed by Judge Middlebrook, but his signature can in nowise affect the validity of that of Judge Powell, who, it clearly appears from the record, "was the succeeding judge of the court where the cause was heard." More especially is the rule true in this case that the record under discussion imports absolute verity, because it is not sought to be

overcome except by the unsupported motions of the plaintiff.

In State v. Taylor, 171 Mo. l. c. 475, affidavits of witnesses were tendered in support of a motion to impeach a record, and the court, in disposing of the matter, said: "Upon this question the record, which imports absolute verity, is sought to be overcome and shown to be false by the affidavits of witnesses in regard to which there can be no difference of opinion. If the record entries of a court of record can be overcome in this way, then the truism that such records import absolute verity is a deception and a snare."

It is next contended that the exhibits introduced in evidence and set out in the abstract of the record should be stricken out because same were not deposited with the clerk of the trial court but were simply called for in the original bill of exceptions and subsequently incorporated at length in defendants' abstract. The portion of the statute relied upon to sustain this contention is as follows:

"But it shall not be necessary for the review of the action of any lower court on appeal or writ of error that any pleading, motion, instruction or record entry in the case, or any written or printed matter offered in evidence upon the trial and properly identified and deposited with the clerk, to remain in his custody until after the determination of the cause in the appellate court, shall be copied or set forth in the bill of exceptions filed in the lower court; Provided, the bill of exceptions so filed contains a direction to the clerk to copy the same and the same are so copied into the record sent up to the appellate court." [Sec. 2083, R. S. 1909.]

This statute was rendered more comprehensive under the amendment made thereto in 1903 (Laws 1903, p. 105), in adding to the instruments or documents not theretofore required to be set out at length in the original bill of exceptions others therein named,

provided same were deposited with the clerk of the trial court, when, without more than a general call therefor, they were authorized to be included in the bill; this amendment, however, is not to be so construed as to render the abstract of the record or the full transcript filed in the appellate court subject to attack for insufficiency here on account of a failure to deposit any of the instruments or documents referred to, provided same have been correctly set forth in the abstract of the record or full transcript transmitted to this court. Such an interpretation as is sought to be given this section by plaintiff would not only work a hardship in many instances on parties not immediately interested in the suit, but would be difficult if not impossible to comply with; oftentimes the evidence offered would consist of private papers, which a witness could not be required to deposit, except in violation of his constitutional rights as to property, or they might consist of public records, which could not from their nature be deposited, or such as were in use in a witness's private business and which he could not without detriment thereto be deprived of. The general rule is that all laws should receive a rational and not an arbitrary construction. [State ex rel. Spriggs v. Robinson, 253 Mo. 271.] Any other than the construction we have given the section under review would deprive the appellant, in the event of his failure or inability to deposit with the clerk of the trial court all instruments or documents not set out in full in the original bill, of the benefits of his appeal, a right clearly accorded him under other statutes than the one here considered, although, as is the case here, there might be no claim that the abstract was in anywise incorrect.

Statutes are not to be construed so as to result in an absurdity or to impose unnecessary burdens, and, in the absence of express terms, it will not be presumed that the Legislature intended to authorize and require an unreasonable proceeding. [Neenan v. Smith, 50 Mo.

525.]  Fortunately we are not without support in our reasoning in this matter.  In Quail v. Lomas, 200 Mo. l. c. 683, this court held that the conclusion here reached is the correct one.  In construing the statute (Sec. 2083, supra) GANTT, J., speaking for the court, said: "Indeed, the only additional thing which the act above noted requires is that the documents therein referred to 'shall be deposited with the clerk to remain in his cusody until after the determination of the cause in the appellate court.'  This provision is a wise one and will obviate all difficulty as to the identity of the instruments copied into the transcript and those offered and read in evidence on the trial, but while the act permits the instruments or documents named therein, when properly identified and deposited with the clerk, to be copied and set forth in the transcript without having been copied at length into the bill of exceptions, there are no negative words indicating that a bill of exceptions calling for documents and instruments in the manner long approved by the decisions of this court would not constitute a part of the record, and that those instruments should not be copied in full by the clerk in certifying the transcript to this court or by counsel by making their abstracts under the provisions of section 813 [now Sec. 2048]."  Then follows a discussion as to the particular instruments, to-wit, a deed of trust and a trustee's deed, which had been introduced in evidence and were called for by the bill of exceptions but had not been deposited with the clerk, in regard to which the court, continuing, said: "If either of said instruments had been incorrectly copied or matter interpolated into them which was not therein when they were offered and read in evidence, it would have been perfectly competent for the defendants in this case to have called attention to these inaccuracies or unauthorized interpolations and corrected the same by their counter abstract, but it will be observed that it is not claimed by defendants that these documents as copied into the

plaintiff's abstract are not correctly and truly set forth therein, but merely that because they were not filed and left with the clerk to remain in his custody until after the determination of this appeal, they cannot be considered. We are unwilling to give the statute such a narrow construction.''

We would not be understood as holding, nor is it so held in Quail v. Lomas, that a respondent may not opportunely take such steps below as to compel the appellant to comply with section 2083, supra, in making up the original bill of exceptions; but, when a complete transcript or an abstract of the record has been made out in full compliance with section 2048, Revised Statutes 1909, and has been filed in this court and is admitted to be correct in every other particular, we will not question its verity on the alleged ground that parts thereof were not deposited with the clerk of the trial court, but were simply called for in the original bill.

We therefore overrule plaintiff's motions.

II. *Authority of Other Than Regular Judge.*— It is contended that Hon. John G. Park, who tried this case, was without judicial authority in the premises, and as a consequence the proceeding lacked legal sanction.

Jackson county, in which are located Kansas City and Independence, constitutes, under our legislative enumeration of circuit courts, the Sixteenth Judicial Circuit, composed, at the time of this trial, of eight subdivisions, of which the Independence Division, where this case was tried, was one. The regular judge of the Independence Division at the time was Hon. Walter A. Powell, and Hon. John G. Park was a regular judge in one of the subdivisions of the circuit court in Kansas City. Under section 3977, Revised Statutes 1909, it is provided, among other things, that whenever the judge of any division of a circuit court having more than two divisions shall be sick, absent or from any cause

unable to hold any term or part of term of court in such
division, such term or part of term may, by request
of the judge of such division, be held by a judge of any
other division of said circuit court. Under the sanc-
tion of this statute it appears in plaintiff's additional
abstract filed herein, that on February 21, 1910, the
following order was made and entered of record in said
Independence Division of the circuit court:

"Court met pursuant to adjournment.    Judge
Walter A. Powell being absent and unable to attend
court and having requested Hon. John G. Park to hold
court in his stead, the Hon. John G. Park being present
held court and the following proceedings were had and
entered of record. . . ."

The minutes then disclose the waiver of a jury by
the respective parties, the taking and submission of
testimony, and an adjournment of the court until Feb-
ruary 23, 1910. On this day court met pursuant to ad-
journment, present same as on February 21, 1910, and
the following was entered upon the record:

"Magdaline Johnston, Plaintiff, vs. Josephine G.
Ragan et al., Defendants.

"Now on this day comes plaintiff by attorney and
defendants appear in person and by attorney. The
trial of this cause having been heretofore commenced
on the 21st day of February and all of the evidence hav-
ing been submitted to the Court, Honorable John G.
Park, and said evidence being concluded on this date,
said judge takes said case under advisement."

Thereafter appears of record this entry:

"Now, on this March 5, 1910, the 69th day of the
1909 December term of the court, Hon. John G. Park,
one of the judges of the circuit court of Jackson coun-
ty, Missouri, again sitting and acting as the court in
cause No. 22713, entitled Magdaline C. Johnston, plain-
tiff, vs. Josephine G. Ragan et al., defendants, now
orders and causes to be entered and made of record
in said cause the following:"

This is followed by a finding that defendants Josephine G. Ragan, Greenberry Ragan and William C. Forsee have no title, estate or interest in the land in controversy, describing same as in plaintiff's petition, followed by a judgment so determining the title and adjudging plaintiff to own the fee in and be entitled to said land.

Motions for a new trial and in arrest of judgment were then filed by defendants and by their consent same were at once considered and overruled by the court, Judge Park sitting, and time was granted for the filing of a bill of exceptions.

In April, 1910, Judge Park resigned as circuit judge and R. B. Middlebrook became his successor. On June 27, 1910, within the time granted by the court for the filing of the bill of exceptions, appears the following record entry:

"Now on this day come defendants, Josephine G. Ragan, Greenberry Ragan and W. C. Forsee in open court before Hon. Walter A. Powell, regular judge of this court at Independence, and Hon. R. B. Middlebrook, successor to Hon. John G. Park, late judge of Division One of this court at Kansas City, before whom this cause was tried at Independence, said judges sitting together, and tender to said judges their bill of exceptions herein, which bill of exceptions is by said judges signed and ordered to be made a part of the record herein."

The signatures of the judges of the circuit court who signed the bill of exceptions prepared by defendants, towit, Judge Middlebrook, the successor of Judge Park, and Judge Powell, of the Independence Division, are preceded by this statement:

"All of the foregoing proceedings of the court in this cause recited in this bill of exceptions were by and before Hon. John G. Park, judge of the circuit court of Jackson county, Missouri, and regular judge of Division One of the court at Kansas City, who resigned his

office and ceased to act as judge of said division in April, 1910.''

Following this is the usual tender of the bill and the prayer of the defendants that the court may allow and sign same, which was done, same being signed 'by the two said judges.

Upon the filing of their bill of exceptions in the trial court defendants filed here a short form of transcript followed by what should have been ''an abstract of the entire record of said cause'' (Sec. 2048, R. S. 1909) but inadvertently, we presume, omitted therefrom the entries in regard to Judge Powell's absence, the calling in of Judge Park and his judicial participation in the trial until after the overruling of the motion for a new trial. This necessitated the filing of an additional abstract by plaintiff under section 2048, supra, setting forth the omitted entries which have heretofore been discussed. The transcript of the proceedings, thus completed, shows that Judge Park did not act without authority.

But defendants contend, despite their necessary knowledge of the calling in and presence of Judge Park during the trial, that they were authorized to ignore and omit the entries included in plaintiff's additional abstract from their bill of exceptions and their original abstract, because the clerk of the trial court had improperly failed to enter them on the record. This pretext for the omission by defendants of these entries from their abstract is not indicative of a disposition to comply with the reasonable requirements of section 2048, supra; however, if the contention possessed merit, it can afford no aid to defendants, because, upon the discovery of the omissions, plaintiff proceeded in a formal and authorized manner, after due notice to defendants, to procure from the trial court a *nunc pro tunc* order requiring the omitted orders to be entered upon the record, and it was upon the record thus amended that plaintiff based her additional abstract.

While it is true that a circuit court loses juris-
diction of a case by appeal, it still retains sufficient
power over its own records to authorize it by a *nunc
pro tunc* order to correct a bill of exceptions to the
extent that it may speak the truth. [Wilson v. Darrow,
223 Mo. l. c. 528; State v. Gordon, 196 Mo. l. c. 196; Reed
v. Colp, 213 Mo. 577, 586; Althoff v. Transit Co., 204
Mo. 166, 172; Coy v. Landers, 146 Mo. App. 413; State
v. Libby, 203 Mo. 596; Ward v. Bell, 157 Mo. App. l.
c. 528.] This application was properly addressed to
and the order made by the trial court.    [West v.
Burney, 71 Mo. App. 271, 273; Gamble v. Gibson, 83
Mo. 290.] The propriety of .this course is evident in
that the errors should, and in fact can only be properly
corrected, where committed.

There was ample record evidence here from which
the amendments could be made if the facts themselves
had not been admitted, and under such circumstances
it was not material that at the time of the application
the judge was out of office who had signed the bill.
[Baker v. Railroad, 122 Mo. 533.] The amendments
referred to having been properly made, the additional
abstract filed here by plaintiff became as much a part
of the abstract filed by defendants as if originally in-
corporated therein.    [Gamble v. Daugherty, 71 Mo.
599.] Thus made to speak the full truth, it showed
not only Judge Park's authority to sit in the trial of
the case, but that he continued to sit until the motions
for a new trial and in arrest of judgment had been sub-
mitted and overruled.

But it is contended that Judge Park could not leg-
ally have tried this case because it is asserted the rec-
ord shows that Judge Powell was not absent during the
trial.  The abstract contains no entry supporting this
contention, nor is it supported by the bill of exceptions
which defendants have deemed it necessary to deposit
with the clerk to sustain their statement in this regard.
A separate certificate of the clerk of the trial court

shows two orders of adjournment signed by Judge Powell during the trial of this case by Judge Park, but they are not submitted for our consideration under the authority of section 2048, supra, nor is it claimed that the record entries supplied by plaintiff's additional abstract are incorrect, but that these alleged orders of adjournment should have been included therein. There is no statute or rule of appellate procedure which required the plaintiff to include these entries in her abstract. [State ex rel. v. Thomas, 245 Mo. l. c. 75.] If grounds for exception, they should have been included in defendants' bill, which would have authorized their incorporation in the original abstract and their consideration on this appeal. [Betzler and Clark v. James, 227 Mo. 375, 387.]

It is elementary that the right of appeal is purely statutory and the course prescribed by the statute must be pursued to entitle an appellant to a review of any question. An abstract of record cannot be brought here by piecemeal, especially when the portion sought to be supplied attempts to supplement a bill of exceptions and incorporates therein an alleged error, purely an afterthought and not an exception saved during the trial. [Tie & Timber Co. v. Naylor Dr. Dist. Co., 226 Mo. 420; State ex rel. v. Broaddus, 216 Mo. 336; Owens v. Mathews, 226 Mo. 77.] We cannot, therefore, consider this contention. First, because it is no part of the appeal (Sec. 2081, R. S. 1909; Burdoin v. Trenton, 116 Mo. l. c. 374; Gilchrist v. Bryant, 213 Mo. 442; Hubbard v. Slavens, 218 Mo. l. c. 616); and, second, because it is at a variance with all other facts which clearly show Judge Park's judicial presence in the conduct of this trial.

The further contention is made that under section 29 of article 6 of the State Constitution the authority of Judge Powell to call in another judge was limited by said section, which only provides for the calling in of a judge from *another circuit*. This conten-

tion might offer a fertile field for a discussion as to the extent to which a constitutional provision may limit the law-making power. The framers of the Constitution, however, in the closing portion of this section removed any doubt as to this question in providing that "in all such cases, or in any case where the judge cannot preside, the General Assembly shall make such additional provision for holding court as may be found necessary." [Sec. 29, Art. 6, Constitution.] This clause afforded authority for the enactment of the statute of 1907 (Laws 1907, p. 203) now section 3977, Revised Statutes 1909, especially applicable to the case under review. The ruling of this court in Bank v. Graham, 147 Mo. l. c. 257, does not militate against the conclusion here reached; in that case the provisions of the Constitution were only considered which related to the calling in of a judge of another circuit.

In the argument it was rather timorously contended that the record entry of the order requesting Judge Park to try this case was insufficient in not stating the reason therefor. This contention misconceives the meaning of the order; it clearly states the reason to be "the absence and inability of Judge Powell to attend and try the case." This is sufficient. In State v. Newsum, 129 Mo. l. c. 159, we held that it was not necessary for the record to disclose the reason for requesting another judge to attend and try a case, because the authority thus exercised was in obedience to an express statute and a reason therefor was consequently unnecessary. The Newsum case was affirmed in State v. Gillham, 174 Mo. l. c. 673, which held in addition that the power thus conferred was vested in the judge in whose court the case was pending and not in the court itself and that he was authorized to make the request in chambers or even in vacation.

In the city of St. Louis, which constitutes the Eighth Judicial Circuit, the practice has long prevailed, in the absence of any statute, for any circuit judge if

sick, absent or otherwise temporarily unable to hold court, to request another judge of the court, of which there are now fourteen subdivisions, to hold court for him. The validity of this practice was considered and upheld in an opinion rendered by VALLIANT, C. J., in State ex rel. v. Allen, 235 Mo. 298, in which it was held that the judge of the court who answers such request does not intrude into the judicial premises of the judge who invites him or encroach on his jurisdiction, for the judicial authority he exercises arises from his election and qualification as a judge of the same circuit; and the fact that he has been assigned to a division does not make him any the less a judge of the circuit court of the particular circuit; it only apportions to him his share of the work and gives him exclusive jurisdiction thereof. The ruling in the Allen case, supra, is not cited as a precedent here because of the existence of the statute (Sec. 3977, supra), especially applicable to the class of judicial circuits to which Jackson county belongs; if not controlling, the lucid reasoning of this case may serve to dissipate the many technical objections urged by the defendants to the calling in of Judge Park in the case at bar.

III. *Plaintiff's Title.*—Defendants' second contention is that there is no evidence in the record to show that plaintiff had any right, title, interest or estate to the land in question. This contention is based upon the ground that there was no evidence in the record to show that plaintiff had acquired the title to this land of Stephen C. Ragan. Not only the bill of exceptions but the abstract made therefrom, discloses in different ways other than by direct proof that the plaintiff held a deed of trust from said Ragan on this land to secure the payment of certain notes made by Ragan to her, and that this deed of trust was foreclosed by the trustee and the plaintiff became the purchaser of the land and a deed was made and delivered to her of the

same. Defendants, however, contend, in the absence of a showing in the bill of exceptions of these facts, that there is lacking evidence of title in the plaintiff, which will preclude her recovery. The bill of exceptions, it should be borne in mind, was prepared by the defendants. While it was not a prerequisite to its validity that the bill should have been submitted to plaintiff's counsel before being signed by the judge, this is usually done and is a custom to be commended, but it is evident that it was not done in this instance; as a consequence, it was not until after the bill had been filed and defendants' abstract made therefrom had been served on the counsel for plaintiff that the latter had any knowledge of the omission therefrom of plaintiff's proof of title. When this discovery was made, plaintiff, through her attorney, after notice to defendants, filed a motion in the trial court to amend the bill of exceptions so as to include therein the showing that during the trial not only the deed of trust to this land theretofore made by Stephen C. Ragan to Witten, the trustee, had been introduced in evidence, but that there was also evidence introduced of the foreclosure of said deed, the purchase of the land by the plaintiff and the transfer of same to her by the trustee. The motion was granted and the bill of exceptions amended so as to show that proof had been made of these facts. Authorized by the court's order, the omitted facts were included in plaintiff's additional abstract as a part of the proceedings at the trial. The sustaining of the motion which authorized the amendment of this bill was not against the right or justice of the matter, did not alter the issues between the parties and was sustained by ample proof that the facts and questions had been introduced in evidence at the trial, but had been omitted from defendants' bill of exceptions and abstract. The overruling of the foregoing contention will dispose of defendants' complaint that there was no evidence to sustain the judgment. With this showing as to plain-

tiff's title, we overrule defendants' contention in regard thereto.

IV. *Statute of Limitations*: *Pleading.*—It is next contended that the notes described in the deed of trust to Witten, and the deed of trust itself, are barred by the Statute of Limitations; that defendants have so pleaded in their answer and that it was incumbent upon plaintiff in addition to the specific denials contained in her reply, to plead the payments made on such notes, as well as the waiver of the statute by S. C. Ragan, to entitle her to make proof of these facts as a bar to the statute.

There were four notes shown to have been made by S. C. Ragan to the plaintiff, one for $1000, dated November 11, 1887, and due twelve months after date. On this note were these indorsements: "Interest paid on the within note to January 1, 1892. Received on the within note $4, November 22, 1902. Received on the within note $1, March 8, 1906." After the sale made by Witten, the trustee, appears the following endorsement: "Paid on the within note $2404.95, in full of proceeds of trustee's sale August 14, 1909. Thomas A. Witten, Trustee."

The second note was for $1200 dated December 30, 1887, due twelve months after date. Thereon appeared the following indorsements: "Interest paid on the within note to January 1, 1892. November 22, 1902, received on the within note $4. March 8, 1906, received on the within note $1" and the following in the handwriting of Witten, the trustee: "Credit on within note August 14, 1909, $36.55, proceeds of trustee's sale. Thomas A. Witten."

The third note was for $2500, dated March 10, 1888, due two years after date; and the fourth note was for $2500, dated May 15, 1888, due twelve months after date. On each of these notes there appeared the following indorsements: "Interest on the within note

paid to January 1, 1892. Received on the within note November 22, 1902, $4. Received on the within note March 8, 1906, $1."

On their faces these notes were barred by the Statute of Limitations. This defense is available only in a case of this character by an affirmative answer setting up the statute, for if no issue be taken upon a special matter, the plaintiff will not know that he is required to produce proof nor will the defendant be informed as to whether or not the plaintiff intends to produce proof of any special matter of exception. [Coleson v. Blanton, 3 Hayw. (Tenn.) 152.] To remove the burden thus cast upon the defendants by this plea (Wojtylak v. Coal Co., 188 Mo. l. c. 294; Berryman v. Becker, 173 Mo. App. 346; Schell v. Weaver, 225 Ill. 159) it became incumbent upon them to prove that the cause of action did not accrue within the time prescribed by the statute. This proof consisted in the introduction in evidence of the notes. Plaintiff in rebuttal introduced testimony showing the indorsements of payments on the notes before they were barred, in the handwriting of S. C. Ragan, the debtor, and oral testimony that these payments were intended to apply and were applied as credits on the notes. [Smith v. Brinkley, 151 Mo. App. 494.] In addition, it was shown that S. C. Ragan, on November 12, 1902, made and delivered to plaintiff this writing: "I do hereby waive the Statute of Limitations of mortgage on Lot 1, Blue River Park. S. C. Ragan." The description of the property in this writing was that of the land in controversy.

The proof of the credits of payments is ample in itself to take the debt out of the statute (Beck v. Haas, 111 Mo. 264; Chidsey v. Powell, 91 Mo. 622; Clinton County to use v. Smith, 238 Mo. l. c. 127) and hence sufficient to continue the lien of the deed of trust against the land (Johnson v. Johnson, 81 Mo. l. c. 335; Berryman v. Becker, 173 Mo. App. l. c. 356) for the

reason that the deed of trust was but an incident to the notes and in contemplation of law and by statute (Sec. 1892, R. S. 1909; Hower v. Erwin, 221 Mo. 93; Higgins v. Harvester Co., 181 Mo. 310) it ran with them and ceased to have any potential force when they were paid.

Notwithstanding the seeming probative force of the testimony introduced to prove that the running of the statute was interrupted by the payments shown, defendants confront us with this proposition, viz., was this testimony admissible under the pleadings? It will be recalled that the petition was in the form usually employed in cases of this character. The answers, among other things, after setting forth in detail the making of the notes by S. C. Ragan to the plaintiff, alleged "that no cause of action accrued to the plaintiff within ten years next prior to the alleged sale and conveyance by the trustee, Witten, in consequence of which each and every one of said notes were at said date and are barred by the Statute of Limitations, and that said alleged trustee's deed was and is null and void." Plaintiff's replies were specific denials of each paragraph of the answers. While it is elementary, it may not be inappropriate in this connection to say that such replies as were here made have no greater legal effect than general denials. There is a conflict of authority as to the necessity of a special, as distinguished from a general, reply to a plea of the Statute of Limitations, it being held in several jurisdictions that if the plea of limitations is interposed in an action at law, the plaintiff must by reply controvert the facts on which it is based or allege facts bringing himself within an exception to the statute.

Under our simple system of code pleading, however, a special reply is not necessary to an answer setting up the Statute of Limitations, it being sufficient where an affirmative defense of this character is interposed to meet same with a general denial which puts

the question squarely at issue. It is not necessary to question the ruling of this court seemingly to the contrary in Keeton v. Keeton, 20 Mo. 530, which was incidentally referred to with approval in Moore v. Granby M. & S. Co., 80 Mo. 1. c. 91, and Zoll v. Carnahan, 83 Mo. 35, because the rule announced in the Keeton case was under the provisions of the Civil Code adopted in 1849 (Laws 1849, pp. 73-109) which was so amplified in 1875 (Laws 1875, p. 106) as to authorize the plaintiff, when the answer contains new matter to reply to same within such time as the court may by rule require, denying generally or specifically the allegations controverted by him. Defendants' contention, therefore, in regard to the inadmissibility of evidence to toll the bar of the statute under a general reply is overruled.

V. *Claim of Title of Certain Defendants.*—In disposing of the claim of title of defendants Greenberry Ragan and William C. Forsee to the land in controversy, we will not further lengthen this opinion by a statement in detail of the *mesne* conveyances offered in evidence commencing with that of Jerome Anderson and ending with the transfer to Stephen C. Ragan, the common source of title, nor the latter's acceptance of this land following a judgment in partition of the quarter section of which the land formed a part, because of said Ragan's adverse, open and notorious possession of the land in person and by tenant for sixteen consecutive years.

VI. *Instructions.*—Defendants assign as error the refusal by the trial court to give the declarations of law asked by defendants and the giving by it of those asked by plaintiff and the giving of others by the court on its own motion. It is scarcely necessary to say in this connection what is known to every lawyer, that the object of an assignment of errors is to enable opposing coun-

sel. and the appellate court to see upon what points de-
fendants ask a reversal and to limit the discussion
thereto. This assignment does not meet this require-
ment. Its general nature does no more than to call the
appellate court's attention in a general and indefinite
manner to the declarations of law given and refused,
leaving the court to analyze by comparison and con-
trast all of the declarations and ascertain therefrom
in what particular defendants claim error has been
committed. This is no such an assignment of error as
is contemplated by our procedure. The defendants
should have pointed out the errors committed in the
giving and refusing of the declarations.

There having been no prejudicial error committed
in the trial of this case, the judgment of the trial
court is affirmed, and it is so ordered.

All concur.